JAMES T. DAVIS, *Plaintiff in Error*, v. FLORIDA POWER COMPANY, A CORPORATION, *Defendant in Error*.

1. Where it is apparent that substantive portions of a statute have been omitted and repealed by the process of revision and re-enactment, courts have no express or implied authority to supply the omissions that are material and substantive and

Davis v. Florida Power Co.—Syllabus.

not merely clerical and inconsequential, for that would in effect be the enactment of substantive law. The statute in such a case should be effectuated as the language actually contained in the latest enactment warrants; and words that were a part of the omitted substantive provisions, but are useless as re-enacted may be disregarded as mere surplusage, and appropriate effect should be given to the connected and complete terms and provisions as they appear in the re-enacted statute, when it can be done without violating the organic law or the legislative intent.

2. In determining the legality and effect of a statutory regulation, the court should ascertain the legislative intent; and if the ascertained intent will permit, the enactment should be construed and effectuated so as to make it conform to rather than violate applicable provisions and principles of the State and Federal Constitutions, since it must be assumed that the legislature intended the enactment to comport with the fundamental law.

3 The discretion of the legislature when exercised for the public welfare in selecting the subjects of police regulations and in determining the nature and extent of such regulations, is limited only by the requirements of the fundamental law that the regulations shall not invade private rights secured by the constitution, and shall not be merely arbitrary in applying to some persons and not to others similarly conditioned.

4. Where a statute does not violate the Federal or State constitution, the legislative will is supreme, and its policy is not subject to review by the courts, whose province is not to regulate, but to effectuate the policy of the law as expressed in valid statutes.

5. The right to equal protection of the laws is not denied by a State enactment, when its provisions are not forbidden by the constitution, and it is apparent that the same law is applicable to all persons in the State under similar circumstances and conditions.

6. The inhibition that no State shall deprive any person within its jurisdiction of the equal protection of the laws, was designed to prevent any person, or class of persons from being singled out as a special subject for arbitrary and unjust discrimination and hostile legislation.

7. Where there is a reasonable and practical ground of classification for legislative regulations under the police power, the classification should be sustained, even though some other classification or the absence of specific classifications would appear to some minds to be more in accord with the general welfare, since the discretion of selecting the subjects of police regulations and the nature and extent of such regulations must be left to the general law-making power where there is no undoubted and irreconcilable conflict between the regulations and the provisions and principles of organic law.

8. There is a reasonable and just basis for a legislative classification that includes all corporations and all private associations of persons, but does not include single individuals, in a regulation affording a remedy to a parent for the wrongful death of a minor child.

9. Section 3147 of the General Statutes gives the elements of the damages that may be recovered thereunder, and the mere fact that the amount of the damages is left to the discretion of the jury does not make the statute violative of the constitutional guaranty of due process of law, since the finding is regulated by applicable principles of law, and the verdict rendered is subject to approval by the trial court and to such appellate review as may be provided by law for the correction of material and prejudicial errors, if any occur in the trial of the cause.

10. Where a declaration states a cause of action and a demurrer thereto is erroneously sustained, a judgment consequent upon the demurrer will be reversed.

Appealed from the Circuit Court for Citrus County.

STATEMENT.

This writ of error was taken to a judgment for the defendant in an action brought against the Florida Power Company, a corporation, by James T. Davis to recover damages accruing to the plaintiff under the statute for the death of plaintiff's minor son caused by the alleged wrongful act of the defendant corporation. A demurrer to the original declaration was sustained by the trial court on the ground that it "wholly fails to state a cause of action under the statute." The following amended declaration was filed:

"James T. Davis, as the father of Baskin H. Davis, a minor child of the age of 17 years, now deceased, by G. W. Scofield and W. K. Zewadski, his atorneys, sues the Florida Power Company, a corporation organized and existing under the laws of the State of Florida and doing business in the County of Citrus, State of Florida; for that the said defendant heretofore to-wit: on and before the 10th day of June, A. D. 1911, was the owner of, and did operate, manage and control a certain electric light and power plant with its machinery, wires and appliances, at a place commonly known as Camp's dam, at a point on the Withlacoochee river in said County of Citrus, State of Florida aforesaid; that the said power plant by means of a system of wires, conveyed an electric current to various points and places for commercial purposes, said system consisting of three immense wires which were suspended in close relation to each other, and only a few feet over and across a certain concrete walk at the said power plant; that on or about the morning of the 10th, day of June, A. D. 1911, the immediate vicinity of the said power plant owned, managed and controlled by the defendant as aforesaid, was thronged with people visiting

the said plant and having a picnic; that the deceased Baskin H. Davis, in company with others, were viewing the premises, with the knowledge and consent of the defendant, its agents, servants and employees, and the deceased and others, being ignorant of the dangerous character of the premises, and presuming and having a right to presume that the defendant, its agents, servants and employees, would not permit him to get in harm's way or be injured or killed or that the defendant, its agents, servants or employees would do anything likely to cause injury or death, did, in company with other persons, pass under, by stooping, the said wires, suspended over and across the concrete walk as aforesaid, in going out upon the said walk to view the premises as aforesaid. without any notice or warning being given by the defendant, its agents, servants or employees of any danger in passing under the wires or being upon the said walk, and while the deceased, with other persons were standing on the said concrete walk, viewing the premises as aforesaid. the defendant, its agents, servants and employees in charge of the said plant, well knowing at the time that the said Baskin H. Davis and other persons had passed under the said wires and were then on the said walk, and would be compelled to return and again pass under the said wires, and knew the danger to them in such position, yet the defendant, without notice or warning to the said Baskin H. Davis and the other persons, negligently and carelessly caused the electric power in said premises and which was under the control and operation of the defendant, to be suddenly turned on, whereby and by reason of the sudden turning on of the said electric power, the deceased received an electric shock from the effects of which electric shock, the said Baskin H. Davis instantly died; and the plaintiff says that by reason of the negli-

gence of the defendant corporation in turning on said electric power his said child was killed.

By reason whereof, and by reason of the premises, the plaintiff as the father of the said Baskin H. Davis, his minor child, now deceased, has been greatly damaged in the loss of the services of the said minor child, and has sustained great mental pain and suffering, hence this suit, and plaitiff claims damages Thirty Thousand Dollars.

· Second Count.

And the plaintiff further sues the defendant for that the said defendant heretofore, to-wit: on and before the 10th day of June, A. D. 1911, was the owner of and did operate, manage and control a certain electric light and power plant with its machinery, wires and appliances, at a place commonly known as Camp's dam, at a point on the Withlacoochee river, in the County of Citrus, and State of Florida, as aforesaid; that the said power plant by means of a system of wires conveyed an electrical current to various points and places for commercial purposes, said system consisting of three immense wires which were suspended in close proximaty to each other, and only a few feet above, over and across a certain concrete walk at the said power plant; that on or about the morning of the said 10th day of June, A. D. 1911, the immediate vicinity of the said power plant owned, managed and controlled by the defendant, as aforesaid, was thronged with people visiting the said plant and having a picnic; that the deceased Baskin H. Davis in company with other persons were viewing the premises with the knowledge and consent of the defendant, its agents, servants and employees, and the deceased with other persons, not knowing the dangerous character of the premises, and being ignorant thereof, and presuming and having a right to presume that the defendant, its agents,

servants and employees would not permit him or them to get in harm's way, or be injured or killed, or that the defendant, its agents, servants or employees would do anything that would cause him injury, or kill him, did, in company with other persons pass under the said wires, so suspended above, over and across the concrete walk, as aforesaid, and go out upon the said walk to view the premises, as aforesaid, without any notice or warning being given him by the defendant, its agents, servants or employees, of any danger to him, in passing under the said wires, or being upon the said walk and while the deceased with other persons were standing on the said concrete walk viewing the premises as aforesaid, the defendant, its agents, servants and employees in charge of said power plant, well knowing at the time that the said Baskin H. Davis and other persons had passed under the said wires and were then on the said walk, and in returning would again be compelled to pass under the said wires, and knowing the danger to any one in such a position, and knowing or could with reasonable care and diligence have known that if the electric power was turned on that the said wires would become charged with electricity and would become a source of danger to the lives and persons of those in such close proximity to the said wires, and that it was the duty of the defendant to have kept said electric power from being turned and through said wires until the said Baskin H. Davis and the other persons, had safely passed from under the said wires and from off the said walk, yet without warning or notice, one of the employees of the defendant acting in his capacity as such employee, negligently and carelessly, regardless of his or its duty in this regard, suddenly turned or caused to be turned, the electric power on and through said wires, and by reason of the current of electricity being so

powerful, there seemed to be an explosion accompanied with lightning like flashes, and he, the said Baskin H. Davis, received an electric shock from the wires so charged with electricity as aforesaid, from which electric shock, the said Baskin H. Davis then and there instantly deid; and the plaintiff says that by reason of the negligence of the defendant corporation in turning on said electric power his said child was killed.

By reason whereof, and by reason of the premises, the plaintiff as the father of the said Baskin H. Davis, his minor child now deceased, has been greatly damaged in the loss of the services of the said minor child, and has sustained great mental pain and suffering, hence this suit, and plaintiff claims damages Thirty Thousand Dollars.

Third Count.

And the plaintiff further sues the defendant, for that the defendant heretofore, to-wit: on and before the 10th day of June, A. D. 1911, was the owner of, and did operate, manage and control a certain electric light and power plant with its machinery, wires and appliances at a place commonly known as Camp's dam, on the Withlachoochee river in the said County of Citrus in the State of Florida, aforesaid; that the said power plant by means of a system of wires conveyed an electrical current to various points and places, for commercial purposes; said system consisting of three immense wires which were suspended in close proximity to each other, and only a few feet above, over and across a certain concrete walk way or platform which walk way or platform extended along two sides of the power house or plant, and is frequently gone upon by visitors in viewing the premises; that on the morning of the 10th day of June, A. D. 1911, the immediate vicinity of the said power plant, owned, managed and controlled by the defendant as aforesaid, was

thronged with people visiting the said power plant and
having a picnic; that the deceased Baskin H. Davis, in
company with other persons in attendance upon the picnic
as aforesaid, while viewing the premises, with the knowl-
edge and consent of the defendant, its agents, servants
and employees, passed under the wires suspended over
the said walk way or platform, as aforesaid, and being
ignorant of the great danger or character of the premises,
and presuming and having a right to presume that the
defendants, its agents, servants or employees would not
permit him to get in harm's way or be injured or killed or
that the defendant, its agents, servants or employees
would do anything likely to produce injury or death, and
there being no notice of any kind posted, or otherwise to
indicate danger, or give warning of the danger to any
one being upon said walk way, he, the said Baskin H.
Davis, in company with other persons continued their
walk and went to the end of said walk way or platform,
after which an employee of the defendant corporation,
acting in his capacity as such employee, requested the
deceased and the other persons with him, to return or go
back, well knowing at the time that the deceased and the
others would be compelled to again pass under the said
wires as aforesaid, and knowing the danger to said per-
sons, in the position as aforesaid, and knowing or could
with reasonable care and diligence have known that if
the electric power was turned on or the current then on
was increased, that the said wires would become charged
with electricity and would become dangerous to the lives
and persons of those standing upon the said walk-way in
such close proximity to the wires as aforesaid; and it
was the duty of the defendant to have kept said electric
power from being turned on and through said wires until
the said Baskin H. Davis and the others had safely passed

thereunder and from off of the said walk way or platform; yet notwithstanding its said duty in that behalf, the said employee of the defendant, acting in his capacity as such employee, wilfully and negligently turned on the electric power through said wires, before the deceased and others had time to get from under the said wires and off of the walk way or platform, after they had been told to return as aforesaid; and the wires becoming charged with the electric current and by reason of the said current being so powerful, there seemed to be an explosion accompanied with lightning like flashes, and he the said Baskin H. Davis and one other person received an electric shock from the wires so charged with electricity as aforesaid, from which shock the said Baskin H. Davis and one other person were then and there instantly killed; and the plaintiff says that by reason of the negligence of the defendant corporation in turning on the power or current of electricity his said child was killed.

By reason whereof, and by reason of the premises, the plaintiff as the father of the said Baskin H. Davis, his minor child, now deceased, has been greatly damaged in the loss of the services of the said minor child and has sustained great mental pain and suffering, hence this suit, and plaintiff claims damages Thirty Thousand Dollars.

Fourth Count.

And the plaintiff, James T. Davis, the father of Baskin H. Davis, now deceased, by Geo. W. Scofield and W. K. Zewadski, his attorneys, sues Florida Power Company, a corporation organized and existing under the laws of the State of Florida and doing business in Citrus County, State of Florida, for that the said defendant, heretofore, towit; on or about the 10th day of June, A. D. 1911, was the owner of and did operate, manage and control a

certain electric light and power plant, with its machinery, wires and appliances, at a place commonly known as 'Camp's dam' at a point on the Withlacoochee river about ten miles west of the town of Dunnellon, Florida, but within the said County of Citrus, State of Florida, aforesaid.

That the said power plant, by means of a system of wires, conveyed the electric current to various points and places for commercial purposes; that on or about the morning of the 10th day of June, A. D. 1911, the immediate vicinity of the plant of said defendant, was thronged with people visiting the said plant and having a picnic; that the power house of said plant is so constructed that there is a walk way or platform on two sides of it up near the top that is used by the general public by and with the permission, knowledge and consent of the defendant, for the purpose of viewing the premises, and attending to any business that they might have; over this walk way or platform are stretched three immense wires, extending out but not high enough so that a person can pass under them without stooping, for the purpose of conveying the electric current to the various distributing points.

That on the morning of the 10th day of June, A. D. 1911, when a great crowd had gathered about the said plant the deceased Baskin H. Davis, who was a young man, 17 years of age, in company with others, was viewing the premises and was on the said walk way or platform with the knowledge and consent of the defendant, its agents, servants and employees, and he being ignorant of the character or danger of the premises, and presuming and having a right to presume, that the defendant, through its agents, servants and employees would not permit him to get in harm's way or be injured or killed,

or that the defendant, its agents, servants or employees, would do anything likely to produce harm or death and there being no notices, signs, posters of any kind or nature to indicate the danger of the premises, the deceased Baskin H. Davis walked on said platform or walk way and passed under the said three immense wires in safety and passed on down to the end of said walk way or platform. The defendant, through its employees, the man who was in charge of the machinery in said power house and whose duty it was to control the electric current, but whose name and title is unknown to the plaintiff, knew that the deceased was in a dangerous position and ordered him to get down and go back well knowing that in order to do so, he would have to again pass under the said three immense wires, but before the deceased could do so said employee of the defendant as above stated, turned on or caused to be turned on a greater amount of current than was already on the said wires. with the full knowledge that the said Baskin H. Davis had to pass under the said wires in order to comply with the request of the said employee and reach a place of safety, and with the full knowledge of the great danger of the said increased current and that the said increased current so turned on by the said employee of the defendant as aforesaid, wrongfully, negligently and carelessly and with utter disregard to the rights of the said Baskin H. Davis and the plaintiff, and by reason of such wrongful turning on the said increased current, the said Baskin H. Davis when he attempted to pass under the said wires again, going back as directed, and having no knowledge that the current had been so increased, was killed by said powerful increased current with which the said wires had been charged. And that plaintiff avers that the deceased came to his death by the wrongful act, carelessness and negli-

17—Vol. 64.

gence of the defendant's employee who had charge of the machinery in said power house plant and controlled the said electric current.

The plaintiff, James T. Davis, is the father of the deceased Baskin H. Davis, who was a minor child of 17 years of age.

By reason of the said. wrongful acts, carelessness and negligence of the defendant's employee which caused the death of the deceased the plaintiff has lost the services of the said minor child and suffered great mental pain and anguish to the great damage of the plaintiff in the sum of $30,000.00.

(Signed)     GEO. W. SCOFIELD,
W. K. ŻEWADSKI,
Plaintiff's Attorneys."

A demurrer to the declaration was filed as follows:
"As to each of said four counts.

1.  No right of action is stated in the declaration under section 3147 General Statutes, because the declaration nowhere alleges that the plaintiff is the father of the said Baskin H. Davis.

2.  The declaration does not set forth facts sufficient to constitute a valid cause of action in behalf of said plaintiff.

3.  No negligence sufficient to fix liability upon the defendant is set forth of the declaration.

4.  The facts pleaded affirmatively show that the deceased came to his death through his own negligence.

5.  The facts pleaded affirmatively show that the deceased lost his life because of. his own negligence contributing as the case of his death.

6.  The facts pleaded show that the danger was plain and patent, the cables and wires in plain view across said way was so low or near thereto that a person could not

pass them in an erect position; also that deceased knew or by the exercise of ordinary care ought to have known that the machinery at said plant was in motion and operation; also that deceased was of sufficient age and capacity to know and appreciate the danger from said cables or wires and that he knowingly and voluntarily, without invitation from the defndant, and without business necessity, placed himself in the position where he was killed.

7. The declaration shows no facts sufficient to excuse the lack of care on the part of the deceased in going beneath said wires or cables.

8. The facts pleaded show no duty on the part of the defendant to post notices or give warning to trespassers, licensees or visitors, coming without invitation upon defendant's premises.

9. The declaration does not allege facts showing that the place, designated in the declaration as a concrete walk or platform, is on or near any public highway or that it is used by the public with the consent of the defendant, or that the said deceased was on or in said place in any other capacity than as a trespasser or licensee and hence no duty devolved upon the defendant except to refrain from knowingly, intentionally or wilfully injuring said deceased; and no facts are alleged which show that defendant so wilfully, intentionally or knowingly inflicted injury on deceased.

10. No facts are sufficiently pleaded which show that the said electric current was turned on or that the said current was increased by any agent or employee of the defendant having the authority to handle and manipulate the said current or acting in his capacity as the agent of the defendant for that purpose.

11. No facts are pleaded which show that any such employee or servant of the defendant turned on said electric current or increased with knowledge that said deceased was at the time in such position as to be imperilled on account of said electric current.

12. The statute, section 3147, General Statutes, under which this suit is brought or attempted so to be, is in violation of the constitution of the State of Florida and of the constitution of the United States and the Fourteenh Amendment thereof.

13. The enforcement of said statute in behalf of plaintiff in this cause will deny to the defendant the equal protection of the law.

14. The enforcement of said statute in behalf of plaintiff in this cause will deprive the defendant of its property without due process of law.

15. The said statute is class legislation and without any reasonable basis of classification.

16. Said statute illegally discriminates by attempting to make the defendant corporation liable while it imposes no similiar liability upon individuals under the like circumstances.

17. The said statute is invalid because it allows assessment of damages for mental pain and suffering of both parents, without limitation or legal restriction as to amount to be assessed by a jury.

(Signed)   R. L. ANDERSON,

R. A. BURFORD,

Defendant's Attorneys."

A motion for compulsory amendment of the several counts of the declaration was also made, but as a consideration of such motion is not material to the disposition of the cause on its real merits, it will be omitted.

The court sustained the 12th, 13th, 14th, 15th, and 16th,

grounds of the demurrer to the declaration and a final judgment for defendant was entered on the demurrer. On writ of error the plaintiff assigns the following errors:

"1st.   The Circuit Court erred in sustaining the 12th, ground of demurrer to plaintiff's amended declaration.

2nd.   The Circuit Court erred in sustaining the 13th, ground of defendant's demurrer to plaintiff's amended declaration.

3rd.   The Circuit Court erred in sustaining the 14th, ground of defendant's demurrer to plaintiff's amended declaration.

4th.   The Circuit Court erred in sustaining the 15th, ground of defendant's demurrer to plaintiff's amended declaration.

5th.   The Circuit Court erred in sustaining the 16th, ground of defendant's demurrer to plaintiff's amended declaration.

6th.   The Circuit Court erred in sustaining the said several grounds of demurrer of the defendant to the amended declaration in its order of date February 17, 1912.

7th.   The Circuit Court erred in sustaining the several grounds of the above mentioned demurrer of the defendant to the amended declaration, and in rendering final judgment on said demurrer in favor of the defendant and against the plaintiff and in dismissing the said suit.

*Geo. W. Scofield* and *W. K. Zewadski*, Attorneys for the Plaintiff in Error;

*R. L. Anderson,* for Defendant in Error.

WHITFIELD, J.—(*after stating the facts.*)—The demurrer to the original declaration was sustained by the

trial court on the ground that it wholly failed to state a cause of action under the statute, while the demurrer to the amended declaration was sustained on the ground that the statute violates provisions of the State and Federal Constitutions.

The main question presented is whether the following statute violates organic law by denying to the defendant corporation due process of law or equal protection of the laws to its detriment:

"3147.   Death of minor child by wrongful act.—Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any private association of persons, (or by the wrongful act, negligence, carelessness or default of any officer, agent or employee), or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action against such (individual), private association of persons or corporation, and may recover not only for the loss of service of such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

This statute was first enacted as Section 1, of Chapter 4722, Acts of 1899, and in its original terms as shown by the enrolled bill on file in the office of the Secretary of State was as follows:

"Section 1.   Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any (individual, or by the wrongful

act, negligence, carelessness or default of any) private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe (of any private association of persons acting in his capacity as such officer, agent or employe), or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe of any corporation acting in his .capacity as such officer, agent or employee, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child may maintain an action against such individual, private association of persons or corporation, and may recover not only for the loss of services of such minor child but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

From Section 1, of Chapter 4722 as printed, are omitted two portions of the section as it is enrolled and duly authenticated and filed in the office of the Secretary of State, and when the General Statutes of 1906 were adopted, the section was incorporated therein as it appears in the printed laws of 1899 and not as it appears in the original enrolled bill.

The result is that Section 3147 of the General Statutes is the same as Section 1, Chapter 4722, as it is printed in the acts of 1899, from which is omitted two portions of the original act on file with the Secretary of State.

While the original act of 1899 gives a parent a remedy for the death of a minor child caused by the wrongful act or default of corporations, private associations of persons and individuals, the effect of the omission of portions of the original act from Section 3147 of the General Statutes of 1906, is to give the remedy only against cor-

porations and private associations of persons and not against persons in their individual capacity who severally may cause such wrongful death.

As all statutes and parts of statutes of a general and permanent nature not included in the General Statutes or not recognized and continued in force by reference therein were repealed by the enactment of the General Statutes, the omitted portions of the original act must be regarded as repealed as they are material and constitute substantive law, and therefore cannot be supplied by intendment. The omitted portions of the original law are not recognized and continued in force by reference or otherwise in the General Statutes. See dissenting opinion in Pensacola Electric Co. v. Soderlind, 60 Fla. 170, 53 South. Rep. 722. Omitted substantive provisions should be supplied by the legislature. See Buck v. Spofford, 31 Me. 34, text 36; 36 Cyc. 1127 note 53; Johnson v. Barham, 99 Va. 305, 38 S. E. Rep. 136.

If the words "or by the wrongful act, negligence, carelessness or default of any officer, agent or employee," contained in the fourth and fifth lines of Section 3147 of the General Statutes, as indicated above by brackets, do not refer to the preceding provisions as to "private associations of persons," such quoted words are meaningless, and should be treated as surplusage. Likewise the word "individual" in the latter part of section 3147 may be regarded as surplusage.

Where the subject-matter and the purpose of a legislative enactment is ascertained, the language used should be construed so as to give effect to the lawmaking intent, such intent being the vital force of the enactment. Words contained in the statute should be interpreted with reference to the main purpose designed and the limitations imposed by the fundamental law. See State *ex rel.*

Minneapolis, St. T. & S. S. M. R. Co. v. Railroad Commission, 137 Wis. 80, 117 N. W. Rep. 846.

Where it is apparent that substantive portions of a statute have been omitted and repealed by the process of revision and re-enactment, courts have no express or implied authority to supply the omissions that are material and substantive and not merely clerical and inconsequential, for that would in effect be the enactment of substantive law. The statute in such a case should be effectuated as the language actually contained in the latest enactment warrants; and words that were a part of the omitted substantive provisions, but are useless as re-enacted may be disregarded as being mere surplusage; and appropriate effect should be given to the connected and complete terms and provisions as they appear in the re-enacted statute, when it can be done without violating the organic law or the legislative intent. See Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226, 19 Ann. Cas. 235.

This leads to a consideration of the validity of Section 3147 of the General Statutes with reference to the organic guarantees of due process of law and equal protection of the laws, the purpose of the law being to provide a remedy for death by wrongful act where no remedy existed at common law.

In determining the legality and effect of a statutory regulation, the court should ascertain the legislative intent and if the ascertained intent will permit, the enactment should be construed and effectuated so as to make it conform to rather than violate applicable provisions and principles of the State and Federal Constitutions, since it must be assumed that the Legislature intended the enactment to comport with the fundamental law. The

Abby Dodge, 223 U. S. 166; State *ex rel.* Gubbins v. Anson, 132 Wis. 461, 112 N. W. Rep. 475.

While it is the duty of the court to give effect to the State and Federal Constitutions when a statute sought to be enforced clearly and irreconcilably conflicts with constitutional limitations, and consequently to decline to enforce such a statute; yet a duly enacted statute whose provisions are not in undoubted conflict with organic law, is binding on the courts; and in consideration of the latitude the Legislature has in the exercise of its law making powers and discretion, and in deference to a co-ordinate department of the government, the courts will not decline to give effect to a statute on the ground that it is unconstitutional, unless it clearly appears beyond a reasonable doubt that if the statute is given a construction and effect that will conform to the legislative intent it will positively conflict with organic law, which renders the statute inoperative as a constitutional regulation, and not within the province of the court to enforce. See State v. Butler, 105 Me. 91, 73 Atl. Rep. 560, 18 Ann. Cas. 484; Chicago, B. & Q. R. Co. v. McGuire, 219 U. S. 549.

The requirements of due process of law and of equal protection of the laws are satisfied if there is no unauthorized and merely arbitrary exercise of the powers of government to the detriment of the people or of some of them. Ozan Lumber Co. v. Union County Nat. Bk., 207 U. S. 251.

Due process of law requires that legislative regulations shall not be a merely arbitrary exertion of the powers of government or violate the provisions and principles of fundamental law on the subject; and equal protection of the laws requires that legislative regulations shall not violate constitutional inhibitions or be merely arbitrary

in applying to some persons and not to others under similar conditions.

The discretion of the Legislature when exercised for public welfare in selecting the subjects of police regulations and in determining the nature and extent of such regulations, is limited only by the requirements of the fundamental law that the regulations shall not invade private rights secured by the constitution, and shall not be merely arbitrary in applying to some persons and not to others similarly conditioned. Where a statute does not violate the Federal or State constitution, the legislative will is supreme, and its policy is not subject to review by the courts, whose province is not to regulate, but to effectuate the policy of the law as expressed in valid statutes. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, 32 L. R. A. (N. S.) 639.

Equal protection of the laws requires that in governmental regulations, every person shall be accorded rights, privileges, exemptions and remedies substantially similar to those that are given to others under practically similar circumstances and conditions; that all discriminations made shall not be forbidden by organic law and shall have some valid, substantial basis in real, practical differences affecting the subjects regulated; and that no essentially unjust or merely arbitrary discriminations of a substantial nature shall be made between persons who are in reality similarly situated or conditioned with reference to the regulation and its practical consequences. A legislative classification is not reviewable unless it is palpably arbitrary. Toyota v. Hawaii, — U. S. —, 33 Sup. Ct. Rep. 47.

Legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated.

is not violative of the constitutional guaranty of equal protection of the laws. Barbier v. Connoly, 113 U. S. 27, 5 Sup. Ct. Rep. 357; Grainger v. Douglas Park Jockey Club, 148 Fed. Rep. 513, 18 Ann. Cas. 997; Central Lumber Co. v. Dakota, Sup. Ct. U. S., Dec. 2, 1912.

The right to equal protection of the laws is not denied by a State enactment, when its provisions are not forbidden by the constitution, and it is apparent that the same law is applicable to all persons in the State under similar circumstances and conditions. Tinsley v. Anderson, 171 U. S. 101, 18 Sup. Ct. Rep. 805.

The inhibition that no State shall deprive any person within its jurisdiction of the equal protection of the laws, was designed to prevent any person, or class of persons from being singled out as a special subject for arbitrary and unjust discrimination and hostile legislation. Pembina Con. Silver Mining & Milling Co. v. Pennsylvania, 125 U. S. 181, text 188, 8 Sup. Ct. Rep. 737. If legislation is not palpably arbitrary and operates uniformily on all within a distinct class, it does not deny equal protection of the laws within the meaning of the constitution. Mutual Loan Co. v. Martell, 222 U. S. 225; State v. Davis, 157 N. C. 648, 73 S. E. Rep. 130, 39 L. R. A. (N. S.) 136.

Where there is a reasonable and practical ground of classification for legislative regulations under the police power, the classification should be sustained, even though some other classification or the absence of specific classifications would appear to some minds to be more in accord with the general welfare, since the discretion of selecting the subjects of police regulations and the nature and extent of such regulations must be left to the general law making power where there is no undoubted and irreconcilable conflict between the regulations and the provisions and principles of organic law. See Red "C."

Mfg. Co. v. Board Agriculture of N. C. 222 U. S. 380; 207 U. S. 338.

That there is a reasonable and practicable basis for a legislative classification that includes all corporations and all private associations of persons, and does not include individuals acting severally, in statutory regulations giving a right to recover damages for the wrongful death of a minor child, seems to be clear; and such a classification appears to be salutary and appropriate, in view of the increased capacity for wrong doing and the possible division of responsibility and attending burdens, and a consequent lessening of the care observed in action taken or omitted by or for a corporation or a private association of persons. The regulation extends alike to all persons who are associated together as a corporation or as a private association. This complies with the rule that a classification should include all persons similarly conditioned with reference to the subject regulated. See Hammond Packing Co. v. State of Arkansas, 212 U. S. 322. The mere failure of the Legislature to extend the regulation to single individuals does not render the regulation invalid as to those affected by it, when those so included are not injured by an arbitrary exertion of the powers of government. If those associations of persons that are included in the regulation perpetrate negligent injuries they cannot justly complain that individuals in their several capacity as such individuals are not subject to similar liability.

For aught that is made to appear, the Legislature may have made such provisions as will in its judgment protect infants from injuries caused by the negligence of single individuals.

The regulations here considered are the means adopted by the law making power of the State to accomplish a

public purpose under the police power, *viz*: affording a remedy for a negligent injury; and even if deemed unwise or imperfect, such means are not to be condemned or disregarded by the courts, since they are not forbidden by paramount law and have a proper relation to the purpose designed, and they are applicable alike to all persons who are associated together as a corporation or as a private association of persons, so that the regulations in the particulars considered do not deny to any one due process of law or the equal protection of the laws in violation of the State and Federal Constitutions. See Rosenthal v. N. Y. —, U. S. —, 33 Sup. Ct. Rep. 27; Chicago, R. I. & P. Ry. Co. v. State of Arkansas, 219 U. S. 453; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61; Provident Institution for Savings v. Malone, Attorney General of the Commonwealth of Massachusetts, 221 U. S. 660; Keeney as Adm'r. v. Comptroller of the State of New York, 222 U. S. 525; Finley v. People of the State of California, 222 U. S. 28; King Lumber & Mfg. Co. v. Atlantic Coast Line R. Co., 58 Fla. 292, 50 South. Rep. 509; Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South. Rep. 398; Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 South. Rep. 904; Goldstein v. Maloney, 62 Fla. 198, 57 South. Rep. 312; Fidelity Mut. Life Ass'n. v. Mettler, 185 U. S. 308, 22 Sup. Ct. Rep. 662; Patterson v. State, —— Okla. —, 124 Pac. Rep. 942; Consumers' League of Colorado v. Colorado & S. Ry. Co., — Colo. —, 125 Pac. Rep. 577; Louisville & N. R. Co. v. Melton, 218 U. S. 36; Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. Rep. 357.

The decision in Smith v. Louisville & N. R. Co., 75 Ala. 449, was by a divided court, and does not appear to be in accord with the later decisions of the Supreme Court of the United States upon a subject as to which the latter court is the final arbiter. See Smith v. Woolf, 160 Ala.

644, 49 South. Rep. 395, where more liberal rules are announced.

In Ballard v. Mississippi Cotton Oil Co., 81 Miss. 507, 34 South, Rep. 533, the classification was confined to corporations and did not include other associations of persons. See Mobile, J. & K. C. R. Co. v. Hicks, 91 Miss. 273, 46 South. Rep. 360, affirmed in Mobile, J. & K. C. R. Co. v. Turnipseed, Adm'r. 219 U. S. 35. In Seaboard Air Line Railway v. Simon, 56 Fla. 545, 47 South. Rep. 1001, 20 L. R. A. (N. S.) 126, the regulation was held to be not justly applicable only to railroad common carriers.

A duly enacted statute may authorize damages for mental pain and suffering of the plaintiff to be assessed by a jury without limiting or restricting the amount that may be so assessed. Such a proceeding is not a denial of due process of law within the meaning of the organic law on that subject.

Due process of law is observed when the governmental action taken is in substantial accord with the principles which require that the official or tribunal that undertakes or assumes to determine the rights of parties or to impose or enforce governmental burdens or regulations, shall have jurisdiction or the right and power to act in the premises; that unless duly waived or not required there shall be appropriate notice to and a reasonable opportunity for a full hearing given to the parties at some stage of the proceedings before final judgment or conclusive action is taken; that the notice shall have fair reference to the proceeding to be had and shall correspond to the hearing; that the proceedings shall not violate any fundamental rights and shall be in substantial compliance with general principles of law; that the judgment rendered or action taken shall be appropriate to the notice

and the procedings and be in accord with the law and the evidence; and that the enforcement of the judgment or action taken shall be in accordance with law.   Ordinarily due process of law is an observance of those general rules established in the law for the security of private rights.

The statute gives the elements of the damages that may be assessed.   Other provisions and principles of law govern the amount to be determined by the jury from the evidence under appropriate instruction from the court as to the law applicable to the evidence; and the verdict rendered is subject to approval by the trial court and to such appellate review as may be provided by law for the correction of material and prejudicial errors, if any occur in the trial of the cause.   See 2 Sedgwick on Damages (9th ed.) §582.

The other grounds of the demurrer do not merit discussion here since, though the declaration is unduly prolix and contains many unnecessary allegations, it does state a cause of action.   As to the necessary allegations in an action for a negligent injury, see Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

The judgment is reversed and the cause is remanded for appropriate procedings.

TAYLOR, J., concurs.

HOCKER, J., concurring.

I am of opinion that Section 3147 of the General Statutes of 1906, is not unconstitutional because of the omission by the Revisors of the word "individual" in the first clause of the section imposing liability for the

wrongful act, negligence, carelessness, or default of any private association of persons, corporations, etc. The last part of the section does permit the father or mother to maintain an action for the loss of services of a minor child, and for mental pain and suffering, etc., against *"such individual."* What do the words "such individual" mean in this connection? It seems to me we are obliged to resort to the original act which was revised, to discover the meaning of these words. The first section of Chapter 4722 Acts of 1899, as it was enrolled, is the statute that was revised. It reads as follows: "Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default negligence carelessness or default of *any individual* or by the wrongful act, negligence of any private association of persons or by the wrongful act, negligence," etc., (for the rest of the enrolled act see the main opinion.) It seems to me that in leaving the phrase "such individual" in the latter part of section 3147, Gen. Stats. of 1906, the Revisors have created an ambiguity, and that it is therefore proper to go back to the original enrolled act for an explanation of this section. It seems to me that the Revisors did not intend to cut out the liability of individuals, or else they would have omitted the word individual from the last as well as the first part of the section. The omission in the first part of the act was clearly a mistake. I am therefore of the opinion that it is necessary to read it back into section 3147 Gen. Stats. of 1906, to express the intent of the Legislature. This relieves the section of all question as to an improper classification and as to its unconstitutionality on that ground. 2 Lewis' Sutherland Statutory Construction (2nd ed.) Sections 376, 450, 451; Quin v. O'Keeffe, 10 Irish C. L. Rep. 393; Brinsfield v. Carter, 2 Ga. 143; 36 Cyc. 1127.

COCKRELL, J., concurring.

I concur with Judge Hocker in the opinion that we may in construing this section of the General Statutes refer to the original act as enrolled to ascertain what is meant by "such individuals" and that the act therefore applies to individuals, whether one or more acting jointly, as well as to corporations.

But if this construction be impossible, I consider it immaterial in this case before us, in that if the change be intentional, and the statute be now confined to a collection of individuals, incorporated into one body or unincorporated, there is a proper basis for such classification, and the act still holds. In either view, the statute is constitutional.

The demurrer should have been overruled for another reason. A cause of action was stated independent of this statute, which goes only to the quantum of damages.

SHACKLEFORD, C. J., dissenting.

I regret that I find myself unable to concur in the conclusion which has ben reached by the other members of the court. In my dissenting opinion in Pensacola Electric Co. v. Soderlind, 60 Fla. 164, text 170, 53 South. Rep. 722, text 724, wherein my views are fully stated, I announced that I had reached the conclusion that Section 3147 of the General Statutes of 1906 was unconstitutional. I still adhere to this opinion, consequently I think that the demurrer to the declaration was properly sustained and that the judgment should be affirmed. I would also refer to State v. Nashville, C. & St. L. Ry. Co., 124 Tenn. 1, 135 S. W. Rep. 773, 25 Ann. Cas. 805, and the authorities cited therein, as also in the note thereto on page 808 of 25 Ann. Cas., as supporting my conclusion.