JAMES T. DAVIS, *Plaintiff in Error,* v. FLORIDA POWER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed October 29, 1914.

Rehearing Denied November 25, 1914.

Where a declaration has been held to be sufficient in law by the appellate court on an adversary hearing, it is error for the lower court to order the pleading to be reformed over the protest of the plaintiff.

Writ of error to Circuit Court for Citrus County; W. S. Bullock, Judge.

Judgment reversed.

*W. K. Zewadski* and *G. W. Scofield,* for Plaintiff in Error;

*R. L. Anderson,* for Defendant in Error.

WHITFIELD, J.—Davis brought an action against the corporation to recover damages for the wrongful death of plaintiff's minor child, the elements of damage claimed being those stated by the statute, Section 3147, Gen. Stats. of 1906, *viz*: loss of services and mental pain and suffering. A final judgment on demurrer to the declaration was rendered for the defendant. On a former writ of error such judgment was reversed, it being held that the declaration stated a cause of action. Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759, 32 Ann. Cas. 1914 B. p. 965. The cause having been remanded to the trial court for appropriate proceedings, the court upon motion of the defendant, ordered a reformation of the pleadings. Under "protest and compulsion" the plaintiff filed, as required by the trial court, a reformed amended declaration. To a judgment for the defendant the plaintiff took writ of error. Error is assigned on the order *requiring* the declaration to be reformed.

At the trial the court rejected evidence as to the posting of notices of danger at the electric plant, where the fatal injury occurred, upon the ground that such evidence was not covered by the reformed declaration. The allegations of the declaration which were held sufficient on writ of error would have made the rejected evidence appropriate, thus showing that harm resulted to the plaintiff from requiring the declaration to be reformed after it had been held sufficient on an adversary hearing before the appellate court.

On the former writ of error assignments of error were predicated upon the grounds of the demurrer sustained by the trial court and on *all* the grounds of the demurrer severally. In reversing the judgment the Supreme Court

had to consider and did consider all the grounds of the de-murrer—those raising the constitutional point as well as those relating to the sufficiency of the pleading—otherwise the judgment would not have been reversed. If the statute was valid, but the declaration was insufficient to state a cause of action, the judgment would have been affirmed. The opinion expressly holds the declaration to be suffi-cient to state a cause of action, thereby giving the plain-tiff a right to stand on it in the lower court, if he so de-sired.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.