972 So.2d 992 (2008)
Myrna GALLO, Appellant,
v.
CELEBRATION POINTE TOWNHOMES, INC., d/b/a Rancho Margate Mobile Home Park and United Homes International, Inc., Appellees.
No. 4D07-496.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Rehearing Denied February 21, 2008.
*993 Janet R. Riley, Plantation, for appellant.
Carl R. Peterson, Jr. of Jolly & Peterson, P.A., Tallahassee, and Clark Cochran of Billing, Cochran, Heath, Lyles, Mauro & Anderson, Fort Lauderdale, for appellees.
WARNER, J.
Appellant, a mobile home owner, appeals the dismissal of her declaratory judgment action against the mobile home park owner who sent notice of eviction to all of the park residents to pursue a change in use of the property. The owner sought rezoning of the property to construct townhomes, but the rezoning was not commenced prior to the notices of eviction. Appellant claims that the owner did not act in good faith in accordance with section 723.021, Florida Statutes (2005), because the eviction notice required her to abandon her mobile home prior to rezoning and a finding by the governmental body that other suitable facilities exist for the mobile home owners, as required by section 723.083, Florida Statutes. We affirm the dismissal of her complaint, concluding that section 723.083 does not create any good faith obligation on the part of the park owner to forestall eviction until rezoning is accomplished.
Appellant, Myrna Gallo, resided in Ranch Margate Mobile Home Park in Margate, Florida, in a mobile home she purchased in 2001. In February 2006 the park owner, Celebration Point Townhomes, Inc. ("Celebration"), sent a Notice of Park Closing to all park residents, pursuant to section 723.061(1)(d). This statute provides:
(1) A mobile home park owner may evict a mobile home owner, a mobile home tenant, a mobile home occupant, or a mobile home only on one or more of the grounds provided in this section.
. . . .
(d) Change in use of the land comprising the mobile home park, or the portion thereof from which mobile homes are to be evicted, from mobile home lot rentals to some other use, provided all tenants affected are given at least 6 months' notice of the projected change of use and of their need to secure other accommodations. The park owner may not give a notice of increase in lot rental amount within 90 days before giving notice of a change in use.
§ 723.061(1)(d), Fla. Stat. (2005).
The letter informed Gallo that she must vacate the lot and find an alternative location for her mobile home by September 30, 2006. Celebration intended to assist the mobile home park tenants by purchasing their mobile homes based upon a set formula. The tenants could also elect to seek funding assistance from the statutorily created Florida Mobile Home Relocation Trust Fund.
Within ninety days of the notice, Gallo filed a complaint for declaratory judgment. She alleged the foregoing facts, as well as the fact that while Celebration had applied for a rezoning of the mobile home park, the City of Margate had not granted the rezoning so that no change in use was authorized at the time of the notice. She claimed that she would be forced to vacate the mobile home prior to the change in use and thus abandon the protection afforded by section 723.083, Florida Statutes (2005), which provided:
No agency of municipal, local, county, or state government shall approve any application for rezoning, or take any other official action, which would result in the removal or relocation of mobile home owners residing in a mobile home park without first determining that adequate mobile home parks or other suitable facilities exist for the relocation of the mobile home owners.
*994 Gallo's complaint contended that by notifying the tenants of their eviction prior to approval of the zoning change, Celebration violated its obligation of good faith and fair dealing required in section 723.021, which provides that "[e]very rental agreement or duty within this chapter imposes an obligation of good faith and fair dealings in its performance or enforcement." § 723.021, Fla. Stat. (2005).
In its pleading opposing the complaint, Celebration contended that section 723.083 did not apply to it and instead only applied to state action. It also pointed to section 723.061(3) which provides, "The provisions of s. 723.083 shall not be applicable to any park where the provisions of this subsection apply." § 723.061(3), Fla, Stat. (2005) (footnote omitted).
The matter was referred to a magistrate who issued a report and recommendation to dismiss the complaint, as section 723.061(3) exempts the park owner from the application of section 723.083. In other words, defendants' only statutory responsibility, when evicting tenants for a change in use, is to comply with the notice requirements found in section 723.061, Because the defendants had complied with the statute, Gallo had no claim against Celebration. The circuit court adopted the general magistrate's report in all respects and dismissed the claim with prejudice. Although the court technically dismissed Gallo's complaint, it actually declared her rights with respect to the statutes involved, upon which she sought a declaration, concluding that they were inapplicable to Gallo. Gallo appeals.
Mobile home park owners and tenants have experienced a difficult relationship in Florida law. As noted in Harris. v. Martin Regency, Ltd., 576 So.2d 1294, 1297 (Fla.1991):
Where mobile homes are concerned, substantial constitutional property rights are implicated on both sides of the debate. See art. I, § 2, Fla. Const. It is clear that a mobile home park owner has a constitutional property right to use the land for any lawful purpose. It is just as clear that mobile home owners are not mere tenants-they are home owners, and, as we recognized in Stewart, "[h]ome ownership is an important aspect of family life." [Stewart v. Green, 300 So.2d 889, 892 (Fla.1974) ]. Hence, we observed that "a hybrid type of property relationship exists between the mobile home owner and the park owner and . . . the relationship is not simply one of landowner and tenant. Each has basic property rights which must reciprocally accommodate and harmonize." Id.

To accommodate those diverging interests, the legislature enacted various statutes to protect both interests. It permitted the park owner to evict its tenants because of a change in use of the land comprising the mobile home park, but required at least six months' notice of eviction. See § 83.759(1)(d), Fla. Stat. (1983). The statute did not require the owner to specify the nature of the projected changes. Harris, 576 So.2d at 1296.
In 1984, the legislature substantially rewrote and renumbered the mobile home statute. It continued, however, to permit a park owner to evict its tenants where a change in use was contemplated. In that rewrite, it also added section 723.083, regarding the duty of governments considering a rezoning petition to determine that "adequate mobile home parks or other suitable facilities existed for the relocation of the mobile home owners." § 723.083, Fla. Stat. (1984).
Due to "substantial problems within the mobile home industry," Fla. H.R. Comm. on Judiciary, HB 766 (1986) Staff Analysis 1 (April 21, 1986), the legislature again modified its statutes, particularly with respect *995 to the eviction of mobile home tenants for a change in use. It retained the right of the park owner to evict for change in use but increased the notice period to one year of any projected change. § 723.061(1)(d), Fla. Stat. (1986). It adopted section 723.061(2) which required homeowners objecting to a change in use to file a petition for administrative or judicial remedies within ninety days from the date of their notice of eviction or be barred from relief. A homeowner was not prevented by this provision from objecting to a zoning change. § 723.061(2), Fla. Stat. The legislature also included a requirement that the park owner elect to either buy the mobile home owner's home, relocate it to another park, or pay the homeowner to relocate. § 723.061(2)(a), Fla. Stat. Where this purchase/relocation provision applied, "The provisions of s. 723.083 shall not be applicable. . . ." § 723.061(2)(d), Fla. Stat.
This requirement that the park owner purchase the tenant's home or relocate it was declared unconstitutional in. Aspen-Tarpon Springs Limited Partnership v. Stuart, 635 So.2d 61 (Fla. 1st DCA 1994). The court found that it constituted a taking of property without just compensation and went "far beyond the legitimate goal of reasonably accommodating conflicting interests. . . ." Id. at 67-68.
The legislature responded in 2001 and again modified the statute, eliminating the purchase/relocate requirement. It reverted to requiring six months' notice of eviction for change in use of the park. § 723.061(1)(d), Fla. Stat. (2001). It eliminated section 723.061(2), regardihg the purchase/relocation obligation of the park owner, except for subsection (2)(d) regarding the application of section 723.083, which it renumbered subsection (3). Thus, that subsection read, "The provisions of s. 723.083 shall not be applicable to any park where the provisions of this subsection apply." § 723.061(3), Fla. Stat. The statutory revisors included a Note: "The reference to `this subsection' appears as it did prior to the amendment by s. 6, ch. 2001-227. Prior to the amendment, subsection (3) was paragraph (2)(d)." § 723.061(1)(d), Fla. Stat. (2001).
To replace the purchase/relocation obligation, the legislature created the Florida Mobile Home Relocation Corporation to provide relocation assistance to mobile home tenants required to move pursuant to an eviction for change in use of the park. § 723.0611, Fla. Stat. (2001). The corporation would operate the Florida Mobile Home Relocation Trust Fund. § 723.06115, Fla. Stat. Mobile home park owners seeking to evict its tenants for a change in land use would make payments to the fund for each mobile home owner who applied for relocation assistance. This statute was in existence when Celebration sent its notice of change of use eviction to Gallo.
From this review of the statutes, it is apparent that the obligation of the government to consider the adequacy of parks for relocation, required pursuant to section 723.083, is independent of the park owner's right to evict a tenant for change in use, pursuant to section 723.061. Harris makes this clear, as a park owner does not have to specify what change of use it sought. 576 So.2d at 1296. Section 723.083 does not place any burden on the mobile home park owner; the park owner's only obligation upon filing an application for rezoning is to give notice of the application to the park tenants. § 723.081, Fla. Stat. (2005). It is the government's obligation to determine that adequate space is available for the mobile home owners or "other suitable. facilities." § 723.083, Fla. Stat.
Since 1986, the legislature sought to provide relief to mobile home park tenants *996 where park owners sought eviction to change the use of the park. It provided assistance for relocation first by requiring the park owner to purchase or relocate and then, after that provision was declared unconstitutional, from a special fund it created. Where this relief was provided, the legislature did not require compliance with section 723.083 by the government. See § 723.061(2)(d), Fla. Stat. (1986). This makes sense, because where the tenants' mobile homes are bought or relocated by the park owner or through the assistance of the State Fund, it would affect the zoning authority's calculation of the adequacy of remaining facilities. The legislature continued this exemption from section 723.083 when it amended the statute again in 2001 and set up the trust fund.
When the legislature revised the statute, it eliminated the subsections of the former section 723.061(2), except subsection (d), providing for the inapplicability of section 723.083. It merely renumbered it as subsection (3). The legislature obviously did not intend to eliminate the substance of the provision. It is a cardinal rule of statutory construction that appropriate effect should be given to all the terms of the statute when it can be done without violating legislative intent. See Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759, 765 (1913). Gallo's interpretation would render section 723.061(3) meaningless.
The review of the history of the provisions makes it clear that the legislature did not intend to require compliance with section 723.083 where it had provided for alternative compensation to the mobile home owner for relocation. Because the legislature expressly rendered section 723.083 inapplicable to change of use evictions, we conclude that the trial court correctly determined that the statutory obligation Gallo asserted the park owner violated did not exist. The park owner had no obligation to await the results of the rezoning decision before sending its notice of eviction, which is essentially what Gallo maintains should occur. We therefore affirm.
KLEIN and GROSS, JJ., concur.