LEBAN, MARK KING, Associate Judge.
 

 In October 2007, appellants, Joseph De-Falco and twenty-one others named above, were residents with permission and pursuant to ongoing tenancies at Tower Mobile Home and R.V. Park, which is located in the City of Hallandale Beach, appellee herein. At that time, the City owned the mobile home park. On October 7, 2007, the City served appellants with a document entitled “Notice of Termination of Tenancy Due to Change in Use of Land.” It notified each appellant that their tenancy at the mobile home park was to be terminated effective October 13, 2008, because the City would be changing the use of the land from mobile home or other vehicle lot rentals to some other use. The eviction notices were served pursuant to section 723.061(l)(d), Florida Statutes (2007).
 

 Appellants filed an action for declaratory and injunctive relief in which they requested the trial court to find that the eviction notices were invalid because the City had not met the statutory condition precedent of obtaining a study that adequate mobile home parks or other suitable facilities exist for the relocation of the mobile home owners as provided in section 723.083, Florida Statutes (2007). The City filed a motion for summary judgment. The trial court found in favor of the City, holding that the City is not required to provide the housing study, as section 723.083 is inapplicable to it in its proprietary capacity. The trial court also found that sections 723.061 and 723.083 are facially constitutional.
 

 Upon entering summary judgment in favor of the City, appellants filed this appeal asserting that the City must comply with section 723.083, and that it must perform an alternative housing study before evicting residents from the mobile home park. We disagree.
 

 Section 723.061 provides in pertinent part:
 

 723.061 Eviction; grounds, proceedings.—
 

 (1) A mobile home park owner may evict a mobile home owner, a mobile home tenant, a mobile home occupant, or a mobile home only on one or more of the grounds provided in this section.
 

 [[Image here]]
 

 (d) Change in use of the land comprising the mobile home park, or the portion thereof from which mobile homes are to be evicted, from mobile home lot rentals to some other use, provided all tenants affected are given at least 6 months’ notice of the projected change of use and of their need to secure other accommodations. The notice shall include in a
 
 *1128
 
 font no smaller than the body of the notice: YOU MAY BE ENTITLED TO COMPENSATION FROM THE FLORIDA MOBILE HOME RELOCATION TRUST FUND, ADMINISTERED BY THE FLORIDA MOBILE HOME RELOCATION CORPORATION (FMHRC). FMHRC CONTACT INFORMATION IS AVAILABLE FROM THE FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION. The park owner may not give a notice of increase in lot rental amount within 90 clays before giving notice of a change in use.
 

 [[Image here]]
 

 (2) In the event of eviction for change of use, homeowners must object to the change in use by petitioning for administrative or judicial remedies within 90 days of the date of the notice or they will be barred from taking any subsequent action to contest the change in use. This provision shall not be construed to prevent any homeowner from objecting to a zoning change at any time.
 

 (3) The provisions of s. 723.083 shall not be applicable to any park where the provisions of this subsection apply.
 

 [footnote omitted].
 

 Section 723.083 provides:
 

 723.083 Governmental action affecting removal of mobile home owners.— No agency of municipal, local, county, or state government shall approve any application for rezoning, or take any other official action, which would result in the removal or relocation of mobile home owners residing in a mobile home park without first determining that adequate mobile home parks or other suitable facilities exist for the relocation of the mobile home owners.
 

 By its terms, section 723.061(3) specifically provides that section 723.083 does not apply when a mobile home park owner gives notice under section 723.061.
 
 See
 
 § 723.061(3), Fla. Stat. (2007). This court has addressed these statutes in
 
 Gallo v. Celebration Pointe Townhomes, Inc.,
 
 972 So.2d 992 (Fla. 4th DCA 2008), and held:
 

 [I]t is apparent that the obligation of the government to consider the adequacy of parks for relocation, required pursuant to section 723.083, is independent of the park owner’s right to evict a tenant for change in use, pursuant to section 723.061.
 
 Harris [v. Martin Regency, Ltd.,
 
 576 So.2d 1294 (Fla.1991),] makes this clear, as a park owner does not have to specify what change of use it sought. 576 So.2d at 1296. Section 723.083 does not place any burden on the mobile home park owner; the park owner’s only obligation upon filing an application for rezoning is to give notice of the application to the park tenants. § 723.081, Fla. Stat. (2005). It is the government’s obligation to determine that adequate space is available for the mobile home owners or “other suitable facilities.” § 723.083, Fla. Stat.
 

 Gallo,
 
 972 So.2d at 995. The fact that the mobile home owner is a municipality does not change the application of the statutes.
 

 Furthermore, section 723.083 is not applicable to the circumstances of this case. The statute provides that a municipality cannot approve an application for rezoning, or take any other “official action” which would result in mobile home relocation, without determining that adequate space exists for that relocation. In
 
 Williams v. City of Sarasota,
 
 780 So.2d 182 (Fla. 2d DCA 2001), the city passed an ordinance for the purpose of closing a city-owned mobile home park and evicting the residents without first determining that adequate facilities existed for relocation. After the trial court denied the residents’ claim that the city did not comply with section 723.083, the Second District reversed, holding that the city “failed to
 
 *1129
 
 comply with the statutory prohibition against official action that would result in the removal or relocation of mobile home residents without first determining that adequate facilities exist for relocation.”
 
 Id.
 
 at 183. The passage of an ordinance by a city is an official action. The service of a notice of eviction by the mobile home park owner, even if it is a municipality, is not an official action.
 

 Appellants argue that the manner in which the trial court applied these statutes to the facts of this case is unconstitutional. The trial court found that the City was acting in its proprietary capacity as the owner of the mobile home park. “When a municipality operates in its proprietary capacity, it is governed by the same laws and may exercise the same rights as a private corporation engaged in a similar undertaking.”
 
 City of Winter Park v. Montesi,
 
 448 So.2d 1242, 1245 (Fla. 5th DCA 1984) (citing
 
 Hamler v. City of Jacksonville, 97
 
 Fla. 807, 122 So. 220 (1929)). The City, by purchasing the property, placed itself in the position of a mobile home park owner by definition under chapter 723. Appellants argue that “[t]he constitutional right to equal protection mandates that similarly situated persons be treated alike.”
 
 Level 3 Commc’ns, LLC v. Jacobs,
 
 841 So.2d 447, 454 (Fla.2003). The mobile home owners have been treated the same under the law as they would have by any private mobile home park owner. The City, as the mobile home park owner, has been treated the same under the law as any private mobile home park owner. Their rights to equal protection have not been violated.
 

 Affirmed.
 

 FARMER and CIKLIN, JJ., concur.