PENINSULAR CASUALTY COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 1, 1914.

1. License taxes are not required to be equal or uniform, but they cannot lawfully be imposed so as to deny equal protection of the law.

2. The State has a wide discretionary power in imposing license taxes, and unless there can be no substantial basis for discriminations made in classifications and in fixing the amount of license taxes so that such discrimination must be regarded as purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere with legislative regulations of such matters.

3. The burden is on one who complains that he has been denied the equal protection of the laws, to sustain the complaint.

4.  The reasonableness of a statute is determined in its enact-
    ment so as to preclude review by the courts unless the act
    or its application is so unreasonable and arbitrary as to deny
    an organic right.

5.  The statute requiring insurance companies to pay "two per
    cent. of the gross amount of receipts of premiums from policy
    holders in this State," is not such an arbitrary and hostile
    discrimination against, or excessive burden upon, insurance
    companies as a class, as to constitute a denial to any person
    of the equal protection of the laws.

Writ of error to Circuit Court for Leon County; John
W. Malone, Judge.

Judgment affirmed.

### STATEMENT.

The declaration herein is as follows:

"The State of Florida, by its attorney, T. F. West, At-
torney General of said State, sues the defendant, the Pen-
insular Casualty Co., a corporation, for that:

1.  The said defendant was, during the year of 1910, an
industrial, sick and funeral benefit insurance company,
organized and doing business under the laws of the State
of Florida and did during said year, as such industrial,
sick and funeral benefit insurance company, conduct, en-
gage in and carry on the business of industrial, sick and
funeral benefit insurance within said State, and did dur-
ing said year within said State, issue, sell, deliver and
carry in force industrial, sick and funeral benefit insur-
ance policies for which it was paid and received pay or
premium money from the purchasers and stockholders of
said policies within said State during the said year of
1910, premiums in the gross amount of two hundred three

thousand two hundred fifty-two and 69/100 ($203,252.69) dollars, which said sum is the gross amount of receipts received by the said defendant from its policy holders within said State during said year. That the said defendant is required to and should have paid on January 1st, 1911, to the State Treasurer of the State of Florida for said State, a privilege or license tax of two (2) per cent of the gross amount of receipts received from its policy holders in said State during said year, amounting to four thousand, sixty-four and 5/100 ($4,064.05) dollars, but the said defendant has failed and refused to pay to the said State the said amount or any part thereof, although often requested so to do.

Wherefore plaintiff sues and claims damages under this count in the sum of seven thousand and no/100 ($7,000.00) dollars.

2.  That the said defendant is indebted to the State of Florida in the sum of four thousand, sixty-four and 5/100 ($4,064.05) dollars as a license or privilege tax of two (2) per cent of the gross amount of receipts or premiums received from its policy holders in the State of Florida for the year of 1910, said gross receipts being two hundred three thousand two hundred fifty-two and 69/100 ($203,-252.69) dollars, but the said defendant has failed and refused to pay the said amount or any part thereof, although often requested so to do.

Wherefore plaintiff sues and claims damages under this count in the sum of seven thousand and no/100 ($7,000.00) dollars.

3.  The said defendant was, during the year of 1911, an industrial, sick and funeral benefit insurance company, organized and doing business under the laws of the State of Florida and did, during the said year, as such industrial, sick and funeral benefit insurance company, con-

duct, engage in and carry on the business of industrial, sick and funeral benefit insurance within said State and did, during said year, within said State, issue, sell, deliver and carry in force industrial, sick and funeral benefit insurance policies for which it was paid and received pay or premium money from the purchasers and holders of said policies within said State and during the said year of 1911, premiums in the gross amount of two hundred fifty-eight thousand, five hundred thirty-six and 65/100 ($258,536.65) dollars, which said sum is the gross amount of receipts received by the said defendant from 'its policy holders within said State during said year. That the said defendant is required to and should have paid on January 1st, 1912, to the State Treasurer of the State of Florida, for said State, a privilege or license tax of two (2) per cent of the gross amount of receipts received from its policy holders in said State during said year, amounting to five thousand, one hundred seventy and 73/100 ($5,170.73) dollars, but the said defendant has failed, and refused to pay to the said State the said amount or any part thereof, although often requested so to do.

Wherefore plaintiff sues and claims damages under this count in the sum of eight thousand and no/100 ($8,000.00) dollars.

4.    That the said defendant is indebted to the State of Florida in the sum of five thousand, one hundred seventy and 73/100 ($5,170.73) dollars as a license or privilege tax of two (2) per cent of the gross amount of receipts or premiums received from its policy holders in the State of Florida for the year 1911, said gross receipts being two hundred fifty-eight thousand, five hundred thirty-six and 65/100 ($258,536.65) dollars but the said defendant has failed and refused to pay the said amount or any part thereof, although often requested so to do.

Wherefore plaintiff sues and claims damages under this count in the sum of eight thousand and no/100 ($8,000.00) dollars."

A demurrer to the declaration was overruled, and the defendant filed the following pleas:

"The defendant, by John W. Dodge, its attorney, for pleas to the declaration of the plaintiff herein and each count thereof, says:

First: That it never was indebted as alleged.

Second: That it never promised as alleged.

Third: That defendant is not liable for the payment of a tax of two per cent of the gross amount of receipts received from its policy holders in the State of Florida as alleged in said declaration, for that Chapter 5597 of the Acts of the Legislature of the State of Florida, approved June 1st, 1907, is invalid, null and void, wherein and whereby it is provided that an insurance company such as the defendant herein, shall, on the first day of January after the passage of said Act and on the first day of each succeeding January thereafter, pay to the State Treasurer two per cent of the gross amount of receipts of premiums from policy holders in the State of Florida, under which said Act the plaintiff herein sues the defendant; and the defendant alleges that said Act of the Legislature of the State of Florida, (Chapter 5597) is in direct conflict with and in violation of the Constitution of the United States, Section 1 of Article14, of the Amendments to the Constitution of the United States, in that the said Act of the Legislature of the State of Florida denies to this defendant and the stockholders of defendant, the equal protection of the laws of the land and deprives the defendant and its stockholders of its and their property without due process of law; and the defendant alleges that the said Act of the Legislature of the State of Flor-

ida, under and by virtue of which the plaintiff herein bases its action, is class legislation and a discrimination as against this defendant, in that the said Act of the Legislature imposes an unreasonable and          license tax against this defendant, which license tax is a discrimination as against this defendant by reason of the fact that defendant is an insurance company and the said license tax so sought to be imposed under and by virtue of said Act of the Legislature of Florida, is unreasonable, arbitrarily and disproportionately imposed upon this defendant where said license tax is considered in relation to the taxes assessed or levied or imposed, whether as license taxes or otherwise, upon the real and personal property in the State of Florida and upon occupations and businesses required to pay a license tax that said Act of the Legislature of the State of Florida imposing a license tax against Insurance Companies as provided therein, did require the payment by Insurance Companies for the years 1907, 1908, 1909, 1910, 1911 and 1912, license fees amounting to between twenty-five and forty per cent of the total amount of all license taxes. required under the laws of the State of Florida; that attached hereto and made a part hereof, the same as though fully set forth herein, and marked 'Exhibit A' is a statement showing the total amount of insurance taxes and the total amount of other license taxes and the total amount of direct taxes upon real and personal property in the State of Florida, and the total receipts from the general revenue fund, one mill school fund, State Board of Health fund and the pension tax fund; and the defendant alleges that one-twelfth of the entire said taxation is derived from license taxes upon Insurance Companies in addition to the municipal tax which insurance companies may pay and the taxes on real estate and per-

sonal property and the amount so required to be paid by
Insurance Companies as a class shown to be by said state-
ment hereto attached, (Exhibit A) a discrimination
against Insurance Companies and an unreasonable and
disproportionate tax of said companies; that said tax is
unnecessary as against Insurance Companies to meet any
reasonable or legitimate expense for the supervision or
regulation of Insurance Companies in the State of Flor-
ida, and the said State of Florida does not and has not
expended for the purpose of supervision and regulation
of Insurance Companies, more than 10 per cent of the
total amount of license tax collected from Insurance Com-
panies and in pursuance of said Act of the Legislature
of Florida, under which plaintiff herein sues. And de-
fendant alleges that the said license tax sought to be
recovered by the plaintiff is such that the amount of fee
or charge sought to be exacted is largely and unreason-
ably in excess of the necessary expenses of issuing a
license and the additional labor of officers and other
expenses imposed or resulting from the business of de-
fendant and insurance companies or persons enumerated
in said Act and subjected to said license tax; that the
amount of fee or charge exacted under said Act of the
Legislature of the State of Florida from said insurance
companies is far beyond the limit of the expenses of issu-
ing a license, the labor of officers and other expenses im-
posed by the business sought to be taxed as aforesaid;
and defendant further alleges that the license tax sought
to be exacted of defendant is exorbitant as compared
with other license taxes, and the same is an unjust and
arbitrary license tax as a discrimination against insur-
ance companies as a class compared with other classes
of which license taxes are exacted; that the equal pro-
tection of the laws of the land is denied to the class of

insurance companies or persons taxed as set forth in said Act of the Legislature of the State of Florida under which plaintiff seeks to maintain this action against this defendant; that the said license tax sought to be recovered is as to the amount thereof, and the fee exacted, as to the class of insurance business specified in said act, of which class this defendant is a member, a classification without any reasonable basis and purely arbitrary, and the said classification of insurance business does not rest upon any reasonable basis, but is essentially arbitrary; and the defendant alleges that the license tax imposed under said classification and sought to be recovered by the plaintiff is a license tax imposed under a classification made by said act of the Legislature of the State of Florida, which classification is, and at the time the law was enacted, without any reasonable basis and purely arbitrary, and said classification does not, and at the time the law was enacted did not rest upon any reasonable basis but is, and at the time the law was enacted was, essentially arbitrary; that this defendant alleges that the license taxes as collected by the State of Florida show the matters and things as herein alleged, all of which the defendant stands ready to prove."

Exhibit "A" referred to in the third plea is as follows:

"General Revenue Fund—                      1907

    Insurance Taxes ....................$ 123,830.07
    Other License Taxes ................  320,792.74

    Total License Taxes ................$ 444,622.81

    Direct Taxes (State Millage) ........$ 215,550.74

Pen. Casualty Co. v. State—Statement of Case.

Total Receipts General Revenue Fund......$   818,940.60
    1 Mill School Fund ..................   116,085.92
    State Board of Health Fund..........   70,826.94
    Pension Tax Fund ...................   429,921.32

General Revenue Fund—                         1908.

    Insurance Taxes......................$   139,228.12
    Other License Taxes..................   389,818.35
    Total License Taxes..................   529,046.47

Direct Taxes (State Millage)...............$   302,497.93
Total Receipts General Revenue Fund.......$   975,696.18
Total Receipts 1 Mill School Fund..........   157,041.30
Total Receipts State Board of Health Fund..   76,305.81
Total Receipts Pension Tax Fund...........   605,328.44

General Revenue Fund—                         1909

    Insurance Taxes......................$   141,254.61
    Other License Taxes..................   304,581.87

    Total License Taxes..................$   445,836.48

Direct Taxes (State Millage)...............$   309,288.86
General Revenue Fund Total Receipts.......$   910,660.03
1 Mill School Tax Fund Total Receipts......   158,787.51
State Board of Health Fund Total Receipts..   77,579.61
Pension Tax Fund Total Receipts...........   678,600.88

| General Revenue Fund— | 1910 |
|---|---|
| Insurance Taxes.......................$ | 151,217.30 |
| Other License Taxes................... | 327,677.08 |
| Total License Taxes..................$ | 478,894.38 |

| | |
|---|---|
| Direct Taxes (State Millage)..............$ | 325,279.31 |
| Total Receipts General Revenue Fund....... | $1,911,184.18 |
| Total Receipts 1 Mill School Fund.......... | 169,114.26 |
| Total Receipts State Board of Health Fund.. | 82,814.28 |
| Total Receipts Pension Tax Fund........... | 650,573.25 |

| General Revenue Fund— | 1911 |
|---|---|
| Insurance Taxes.......................$ | 181,245.44 |
| Other License Taxes................... | 398,027.76 |
| Total License Taxes..................$ | 579,273.20 |

| | |
|---|---|
| Direct Taxes (State Millage)..............$ | 351,522.02 |

| | |
|---|---|
| Total Receipts General Revenue Fund......$ | 1,188,162.06 |
| Total Receipts 1 Mill School Tax Fund...... | 184,543.65 |
| Total Receipts State Board of Health Fund.. | 88,099.03 |
| Total Receipts Pension Tax Fund.......... | 703,167.20" |

A demurrer to the third plea was sustained. The plaintiff joined issue on the first and second pleas. A trial was had by the court on an agreed statement of facts, and judgment was rendered for the plaintiff. The defendant took writ of error.

*John W. Dodge,* for Plaintiff in Error;

*T. F. West,* Attorney General, for the State.

WHITFIELD, J., *(after stating the facts)*—The question

presented for determination is whether the third plea is a sufficient defense to the action brought by the State to recover license taxes under the statute which requires the defendant and other insurance companies to pay "two per cent of the gross amount of receipts of premiums from policy holders in this State." Chapter 5597 Acts of 1907; Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South. Rep. 398. The contention is that the statute so arbitrarily discriminates against insurance companies as a class, in imposing license taxes, that such companies and their stock holders are thereby denied the equal protection of the laws in violation of the U. S. Constitution. As the license is imposed for revenue as well as police purposes, it is not necessary to consider the averments of the third plea that said tax "is unnecessary as against insurance companies to meet any reasonable or legitimiate expense for the supervision or regulation of insurance companies;" that for such supervision and regulation the State has not expended more than ten per cent of the total license tax collected from insurance companies, and that the license tax here sought to be exacted "is largely and unreasonably in excess of the necessary expenses of issuing a license and the additional labor of officers and other expenses imposed or resulting from the business of defendant and insurance companies." The plea avers that the quoted statute "denies to this defendant and the stockholders of defendant, the equal protection of the laws of the land and deprives the defendant and its stockholders of its and their property without due process of law," in violation of the Fourteenth Amendment to the Federal Constitution, in that the statute "is class legislation and a discrimination as against this defendant." Averments of conclusions are not admitted by the demurrer where the act assailed or

the facts stated do not sustain the asserted conclusions. The act does not on its face appear to be invalid as being in conflict with organic law, and the facts do not warrant the asserted conclusions that the license tax exacted of the defendants is "exorbitant as compared with other license taxes" or that it is arbitrary and a discrimination against insurance companies as a class or that the classification is unreasonable and purely arbitrary. A comparison of the terms of this provision with other statutory provisions imposing license taxes does not show an unlawful discrimination. It is also averred that the license tax "is unreasonably, arbitrarily and disproportionately imposed upon this defendant where said license tax is considered in relation to the taxes assessed or levied or imposed, whether as license taxes or otherwise upon real and personal property in the State of Florida and upon occupations and businesses required to pay a license tax;" that the statute "did require the payment by insurance companies for the years 1907, 1908, 1909, 1910, 1911 and 1912, license fees amounting to between twenty-five and forty per cent. of the total amount of all license taxes required under the laws of the State of Florida; * * that one-twelfth of the entire said taxation is derived from license taxes upon insurance companies in addition to the municipal tax which insurance companies may pay and the taxes on real estate and personal property, and the amount so required to be paid by insurance companies as a class is shown by an attached statement to be a discrimination against insurance companies and an unreasonable and disproportionate tax of said companies."

No question of interstate commerce arises in this case. License taxes are not required to be equal or uniform, but they cannot lawfully be imposed so as to deny the

equal protection of the law. The State has a wide dis-
cretionary power in imposing license taxes, and unless
there can be no substantial basis for discriminations
made in classifications and in fixing the amount of license
taxes so that such discriminations must be regarded as
purely arbitrary and unreasonable under every conceiv-
able condition in practical affairs, the courts will not
interfere with legislative regulations of such matters.
Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915;
Singer Sewing Machine Co. v. Brickell, 233 U. S. 304,
—— Sup. Ct. Rep. ——; Ohio River and Western Rail-
way Co. v. Dittey, 232 U. S. 576, —— Sup. Ct. Rep. ——;
Metropolis Theater Co. v. City of Chicago, 228 U. S. 61,
33 Sup. Ct. Rep. 441; Bradley v. City of Richmond, 227
U. S. 477, 33 Sup. Ct. Rep. 318.

The burden is on one who complains that he has been
denied the equal protection of the laws to sustain the
complaint. The averments of the plea that the license
tax imposed on insurance companies is disproportionate
to the taxes paid upon other occupations or businesses do
not show a denial of equal protection of the laws, since
others who pay license taxes are not similarly conditioned.
It may well be that the insurance companies pay very
little property tax and make large profits on premiums
collected in the State which would be a proper basis for
the license tax complained of. The plea does not negative
this as a valid basis for classification or for the amounts
of the taxes. The volume of the defendant's business, its
profits, its tax burdens and its corporate and business ad-
vantages when considered separately or with other occu-
pations and businesses are not stated, if that would tend
to show arbitrary and unjust discriminations and hostile
exactions of taxes. The figures showing collections of li-
cense and other taxes by the State do not show arbitrary

and hostile exactions of the defendant or of insurance companies as a class to which the defendant belongs. The business and governmental conditions of the State may warrant the classifications made and the license taxes imposed, and nothing stated in the plea removes the presumption in favor of the statute. Similar and additional license taxes are imposed by statute upon sleeping and parlor car companies doing business in this State, and such exactions have been sustained by the Supreme Court of the United States in the case of the Pullman Co. v. Knott, decided November 2, 1914. See Afro-American Industrial & Benefit Ass'n. of the United States v. State, 61 Fla. 85, 54 South. Rep. 383; Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South. Rep. 398; Brown v. Pittsburgh Life & Trust Co., — Ala. —, 65 South. Rep. 699. Express companies are required to pay two per cent. upon their gross intrastate receipts. Chap. 6421, Acts 1913. The reasonableness of the statute is deter mined in its enactment so as to preclude review by the courts unless the act or its application is so unreasonable and arbitrary as to deny an organic right. Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282; Louisville & N. R. Co. v. Garrett, 231 U. S. 298, — Sup. Ct. Rep. —. The terms of the statute and the averments of the third plea that are admitted by the demurrer to be true, do not sustain the conclusions variously asserted in the plea that the statute is such an arbitrary and hostile discrimination against, or excessive burden put upon, insurance companies as a class, including the defendant, as to constitute a denial of the equal protection of the laws to such class and to the defendant. Toyota v. Territory of Hawaii, 226 U. S. 184, 33 Sup. Ct. Rep. 47.

No lack of due process of law is made to appear.

The third plea does not show the statute to be an un-

constitutional exercise of governmental power so as to be a defense to the action, therefore an issue of fact could not properly have been made thereon, and there was no error in sustaining the demurrer to the plea.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.