L. M. HIERS, SHERIFF, *Plaintiff in Error,* v. SPENCER MITCHELL, *Defendant in Error.*

En Banc.

Opinion Filed February 22, 1928.

346

*Fred H. Davis,* Attorney General, *John E. Mathews* and *Alston Cockrell,* Attorneys, for Plaintiff in Error;

*Doyle Campbell,* Attorney, for Defendant in Error.

BUFORD, J.—This is a writ of error to an order in *habeas corpus* proceedings, the effect of which was to hold Chapter 12412, Acts of 1927, relating to and imposing a State and County license tax on automobile tire and automobile tube dealers, which was originally known as House Bill No. 1053, unconstitutional and void, and discharging the respondent, who is defendant in error here, from custody.

Perhaps no better rule may be stated to apply in the construction of the constitutionality of a statute when assailed than that which was enunciated by this Court in the case of Burr v. Fla. East Coast Line Railway Company, 77 Fla. 259, 81 Sou. 464, in which it is said:

"In determining the legality and effect of a statutory regulation, the court should ascertain the legislative intent; and if the ascertained intent will permit, the enactment should be construed and effectuated so as to make it conform to rather than violate applicable provisions and principles of the State and Federal Constitutions, since it must be assumed that the Legislature intended the enactment to comport with the fundamental law. Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759.

" 'It is elementary when the constitutionality of a statute is assailed, if the statute be reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other valid, it is our plain duty to adopt that construction which will save the statute from constitutional infirmity. Knights Templars Indemnity Co. v. Jarman, 187 U. S. 197, 205. And unless this rule be considered as meaning that our duty is to first decide that a statute is unconstitutional and then proceed to hold that such ruling was unnecessary because the statute is susceptible of a meaning, which causes it not to be repugnant to the Constitution, the rule plainly must mean that where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter. Harriman v. Interstate Com. Comm., 211 U. S. 407.' " United States v. Delaware & Hudson Co., 213 U. S. 366, 29 Sup. Ct. Rep. 527.

" 'A statute must be so construed, if fairly possible, as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.' " United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. Rep. 658.

No good purpose may be served by quoting the Act at length in this opinion, as it is before the Bench and Bar as published in the Acts of the Legislature of 1927.

The Act was attacked under the petition for *habeas corpus* on nine (9) grounds, as follows:

"1. That said Act violates Section Sixteen (16), Article Three (3) of the Constitution of Florida, in that said Act provides a punishment and penalty to be inflicted upon all persons doing business without procuring said license, and said provision of said Act is not expressed in the title to said Act and is not properly connected herewith.

"2. Because said Act is violative of that provision of

the Constitution of the United States as embodied in the Fourteenth Amendment of said Constitution wherein all persons are granted and guaranteed within the jurisdiction of the United States the equal protection of the laws.

"3. Said Act is violative of Section Twenty (20), Article Three (3) of the Constitution of Florida, as the same is a special law and provides for the assessment and collection of taxes for State and county purposes when under said section the assessment and collection of taxes for State and county purposes can only be had by general law.

"4. Said Act is violative of Section Twenty-one (21), Article Three (3) of the Constitution of Florida, because under the terms of said Act the same has not a general and universal operation throughout the State, but provides a different tax for cities and towns of different populations throughout the city and State, and places a tax on persons in towns and cities and exempts persons following the same business in the country.

"5. That said Act does not apply to all cities and towns located in the State of Florida, but omits cities and towns of One Thousand population and Two Thousand population from the payment of any taxes whatsoever, and that said tax is therefore based on an unreasonable and arbitrary classification.

"6. Said Act is void and unenforceable because same is vague and in that same applies to "towns" which is an ambiguous term, and not to "incorporated towns."

"7. Said Act imposes not a license tax for the purpose of regulation only, but a general tax for the specific purpose of revenue and should under Section Twenty-one (21), Article Three (3) of the Constitution of Florida, apply to all dealers in automobile tires and automobile tubes throughout said State.

"8. Said Act is void and in contravention of Section

Four (4) and Nine (9) of Article Twelve (12) of the Constitution of the State of Florida, which provided the only ways and means by which the Legislature of the State of Florida can collect taxes for the purposes of operating the schools of said State.

"9. Said Act is void for the reason that the exorbitant tax of One Hundred Twenty Dollars ($120.00) per year upon each and every dealer in the City of Tampa in automobile tires and tubes is confiscatory and a violation of both Federal and State Constitution."

When the Act was held unconstitutional and the defendant in error here was released by order of the trial judge, writ of error was sued out and assignments of error were as follows:

1st. "The Court erred in its order and judgment dated October 6th, 1927, and filed November 3, 1927, discharging the petitioner, Spencer Mitchell, from custody under the information filed in said cause by the County Solicitor of Hillsborough County, Florida, on the 5th day of October, 1927, for the reason that the Act of the Legislature known as House Bill No. 1053 passed by the Florida Legislature on May 25, 1927, is unconstitutional and void."

2nd. "The Court erred in its order and judgment dated October 6, 1927, and filed November 3, 1927, in holding that the Act of the Legislature of the State of Florida known as House Bill No. 1053 passed in its regular session, 1927, providing for a license tax on automobile tire and tube dealers in the State of Florida, violated and was contrary to the Constitution of the State of Florida, and therefore null and void."

3rd. "The Court erred in its order and judgment in said cause dated October 6, 1927, and filed November 3, 1927, in finding and ordering that Spencer Mitchell, the petitioner, be discharged and set at liberty from his detention

by the Sheriff of Hillsborough County, Florida, for the reasons in said order and judgment set forth or for any other cause.''

4th. ''Because the Court erred in its final judgment made in said cause on October 6, 1927, and filed November 3, 1927, in releasing the petitioner, Spencer Mitchell, from his detention by the Sheriff of Hillsborough County, Florida, under the information filed by the County Solicitor of Hillsborough County, Florida, against the petitioner in the Criminal Court of Record of Hillsborough County, Florida.''

It was argued first that the Act violates Section 16, Article 3 of the Constitution in that the Act provides punishment and penalty to be inflicted upon all persons doing business without procuring the license required and that this provision of the Act is not expressed in the title thereto and is not properly connected therewith. It is needless to quote this or other sections of the Constitution which are referred to in this opinion because they, like the Act above mentioned, are available to all persons interested in this matter. The objection raised in this specification is not sound for two reasons, one of which is that when considered in connection with its proper definition the word ''tax'' as used in the title to the Act should be construed as defined in 26 R. C. L., page 13:

''A tax is *an enforced contribution* of money or other property, assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state on persons or property within its jurisdiction for the purpose of defraying the public expenses. The exercise of the power of taxation consists of two distinct processes     *     *     * the one relating to the levying or imposition of the taxes on persons or property; the other to the collection of the taxes levied. *The first* is constituted of the provisions of law which determine or work out the determination of the per-

sons or property to be taxed, the sum or sums to be thus raised, the rate thereof and the time and manner of levying and receiving and collecting the taxes. It definitely and conclusively established the sum to be paid by each person taxed or to be borne by each property specifically assessed, and creates a fixed and certain demand in favor of the State or a subordinate governmental agency, and a definite and positive obligation on the part of those taxed. *The second* is constituted of the provisions of law *which prescribe the manner* of *enforcing the obligation* on the part of those taxed to pay the demand thus created." (Italics ours.)

If the word "tax" were given a more limited, in fact the most narrow construction, we would still find that Section 3 of the Act which contains the provision here complained of may be treated purely as surplusage because that section constituted a mere restatement of the law applying the penalty which would have obtained under the provision of Section 5308, Revised General Statutes of Florida, and, therefore, this section of the Act neither adds to nor takes from the law in such cases made and provided.

In State v. Vestal, 81 Fla. 625, 88 Sou. 477, Mr. Justice WHITFIELD, delivering the opinion of the Court, says:

"It is not necessary to detail in the title of an Act provisions contained in the Act that are a part of or are properly connected with the subject expressed in the title, and where the subject expressed in the title is by any reasonable intendment sufficiently broad for the provisions of the Act to be embraced therein or to be properly connected therewith, and the title is not misleading, such provisions will not be held to be inoperative, as not being legally incorporated in the Act. State *ex rel*. Moodie v. Bryan, *supra;* State v. Bethea, 61 Fla. 60, 55 South. Rep. 550; State *ex rel*. Turner v. Hocker, 36 Fla. 358. 18 South. Rep. 767; Potter v. Lainhart, 44 Fla. 647, 33 South. Rep. 351;

Amos v. Mosley, 74 Fla. 555, 77 South. Rep. 619; Fine v. Moran, 74 Fla. 417, 77 South. Rep. 533; Florida E. C. R. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272; Ex Parte Gilletti, 70 Fla. 442, 70 South. Rep. 446; Ex Parte Powell, 70 Fla. 363, 70 South. Rep. 392.''

The second ground of objection is that the Act violates that provision of the Constitution of the United States embodied in the Fourteenth Amendment thereto, wherein all persons are granted and guaranteed within the jurisdiction of the United States the equal protection of the laws. The question raised by this objection has been settled contrary to the contention of the defendant in error by this Court in the case of Davis vs. Fla. Power Co., 64 Fla. 246, 60 Sou. 759; American Annotated Cases, 1914, B 965, in which case the Court in this regard followed the decision of the United States Supreme Court in Toyota v. Hawaii, 226 U. S. 184, 33 Sup. Ct. Rep. 47, and Tinseley v. Anderson, 171 U. S. 101, 18 Sup. Ct. Rep. 805, and later in the case of Peninsular Casualty Co. v. The State, the Court speaking through Mr. Justice WHITFIELD reaffirmed what had formerly been said, saying:

''The State has a wide discretionary power in imposing license taxes, and unless there can be no substantial basis for discriminations made in classifications and in fixing the amount of license taxes so that such discriminations must be regarded as purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere with legislative regulations of such matters. Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; Singer Sewing Machine Co. v. Brickell, 233 U. S. 304, 34 Sup. Ct. Rep. 493, Ohio River & Western Railway Co. v. Ditty, 232 U. S. 576, 34 Sup. Ct. Rep. 372; Metropolis Theater Co. v. City of Chicago, 228 U. S. 61, 33 Sup. Ct. Rep. 441; Bradley v. City of Richmond, 227 U. S. 477, 33 Sup. Ct. Rep. 318.

"The burden is on one who complains that he has been denied the equal protection of the laws to sustain the complaint." 68 Fla. 411, 67 Sou. 165.

The third ground of objection is that the Act is violative of Section 20, Article 3 of the Constitution in that the same is a special law providing for the assessment and collection of taxes for State and county purposes and is not a general law. This Court in Jackson v. Neff, 64 Fla. 326, 60 Sou. 350, say:

"In imposing license or occupational taxes, the only limitations upon a duly enacted statute are that no person shall be deprived of property without due process of law or denied the equal protection of the laws. The levy of an *ad valorem* tax upon the property and also a license or occupational tax upon the use of the same property is not double taxation. A license fee is not a tax within the meaning of the provisions of the organic law requiring uniformity of rates and just valuations of property for purposes of taxation. See Cooley on Taxation (3rd Ed.) 392; Harder's Fire Proof Storage and Van Co. v. City of Chicago, 235 Ill. 58, 85 N. E. Rep. 245; Ayers v. City of Chicago. 239 Ill. 237; 87 N. E. Rep. 1073; Babbitt on Motor Vehicles, Sec. 90 *et seq.*; Garrett v. Turner, 235 Pa. St. 383, 84 Atl. Rep. 35."

This question was decided adversely to the contention of the defendant in error in the case of Osborne v. The State, 33 Fla. 162, 14 Sou. 588, 39 Am. St. Rep. 99, 25 L. R. A. 120. See also 164 U. S. 586.

In an opinion by Mr. Chief Justice RANEY, the Court construing an Act requiring express companies doing business in this State to pay a State and county license tax in each village, town and city having a population of more than fifty (50) and basing the amount of the tax required

upon the population of the village, town or city, in the fourth headnote say:

"The effect of the section, in so far as it imposes license taxes on express companies, is that each company doing any business that constitutes local or state commerce, as contradistinguished from interstate or foreign commerce, shall pay a State license tax and take out a State license when it proposes to do business in any city or town or village having more than fifty inhabitants, the amount of such tax being as above indicated according to the population. When there are in one county several cities or towns or villages belonging to one or more of the stated classes, the company must take out a separate State license for each city, town or village it may intend to do business in, and pay the tax and the fee for the same. Any county may require each company doing business within its limits to pay, for doing business in any city, town or village in the county and within the provisions of the act, a license tax not exceeding fifty per cent of the amount paid the State for doing business in such city, town or village. And any incorporated city or town may impose a tax of as much as fifty per cent of the State tax on any company doing business therein. (d) That the amount of the tax is not shown to be prohibitory or destructive of the business of the express companies even if it be that any judicial action could be based on such a showing. (e) The Act is of uniform operation throughout the State as to all persons standing in the situation made the test of such taxation."

The Act here under consideration is not a local Act but is general legislation affecting all persons engaged in the business to which it applies and who are like situated.

The disposition of the third ground of objection likewise disposes of the fourth ground of objection.

In the fifth ground of objection it is contended that the

Act does not apply to all cities and towns located in the State of Florida, but omits those cities and towns of one thousand population and two thousand population from the payment of any tax whatsoever, and that the said tax is therefore based on an unreasonable and arbitrary classification. This Court in Park v. Morgan, 64 Fla. 414, 60 Sou. 347, quoting with approval from Peninsula Industrial Insurance Co. v. the State, 61 Fla. 376, 55 Sou. 398, say:

"1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A clasisification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

The contention is not tenable that even admitting that the Act does not require the payment of the tax here imposed in cities or towns having a population of exactly one thousand or in cities or towns having exactly a population of two thousand, that dealers in such cities or towns are exempt from any tax whatever. Such dealers would not be exempt from the payment of all tax, but would be required to pay license tax as is provided under Section 926, Revised General Statutes of Florida.

Aside from this, we entertain the view that even if we admitted that the construction placed upon this part of the Act by the defendant in error is correct the probability of conditions existing which would bring a dealer within a position to claim the exemption is too uncertain and remote to constitute a proper basis of casting doubt upon the constitutionality of the entire Act.

The sixth ground of objection is that the Act is void and unenforceable because the same is vague in that it applies to *towns*, which is an ambiguous term, and not *incorporated* towns. If there was any merit in this contention that the Act was ambiguous because it has not sufficiently defined the word "town" and for this reason must be held to be void and unenforceable (which view we could not entertain in the light of the opinion in the case of Osborne v. State, *supra*), such ambiguity would be dispelled by reference to Section 1826, Revised General Statutes of Florida, in which the Legislature of the State of Florida has declared:

"Whenever any municipal government is established, and it shall appear that there are three hundred registered voters within the limits hereby to be designated, it shall be and the same is hereby incorporated and designated as a city, entitled to the privileges of a city. All municipal governments having a less number of voters than those named above shall be and the same are hereby designated and declared incorporated towns, entitled to the privileges and rights of incorporated towns."

It will, therefore, be assumed that when after the appearance of this declaration in our laws the legislature refers to "cities" and/or "towns" it has reference to cities and incorporated towns as so designated by the legislature.

The seventh and eighth grounds of objection are treated

together in the arguments and will be so treated here. It is contended that the Act imposes a tax of revenue only and, therefore, is in conflict with Section 21 of Article 3 and that it violates provisions of Sections 4 and 9 of Article 12 because of the method of disposition of the funds. The questions raised in regard to the Act being in conflict with Section 21 of Article 3 have been heretofore sufficiently treated and disposed of. The objection that the Act is violative of Sections 4 and 9 of Article 12 of the Constitution would appear to a casual observer supported by former decisions of this Court, but when we look into the question we are confronted with the fact that these decisions were rendered prior to the adoption of the amendment proposed by House Joint Resolution No. 541, which was adopted at the general election of representatives in 1926 and which amendment was proposed and adopted for the purpose of authorizing the legislature to make appropriations in the aid of the county school fund. In State v. Allen, 83 Fla. 214, 91 Sou. 104, this Court defines "appropriation" as follows:

"The appropriation of money is the setting it apart formally or officially for a special use or purpose, and where that is done by the legislature in clear and unequivocal terms in a duly enacted law, it is an appropriation."

In the Act here under consideration the legislature has authorized the levy and collection of a certain tax by each county in each county and has thereupon appropriated that tax to the county school fund of the county where collected and in doing so, we think, has followed the provisions and accomplished the purpose of Section 9, of Article 12 of the Constitution as now existing.

The ninth ground of objection is that the Act is void for the reason that the tax imposed under the Act is confiscatory. There is nothing in the record to sustain this contention.

360

The order of the Circuit Court is reversed with directions that the respondent be remanded to custody.

Reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.