FLORIDA SUGAR DISTRIBUTORS, INC., v. HAYES WOOD, as Tax Collector for Dade County.

184 So. 641.
Division B.
Opinion Filed November 23, 1938.

128

*Emett C. Choate,* for Appellants;

*Melbourne L. Martin* and *H. O. Pemberton,* for Appellee.

BROWN, J.—This is an appeal from an order made by Hon. H. F. Atkinson, Senior Judge of the Eleventh Judicial Circuit, sustaining a motion interposed by the defendant tax collector and dismissing a bill of complaint which had been filed by a number of wholesale merchants seeking to enjoin the defendant tax collector from enforcing that provision of Section 5 of Chapter 18011 of the Laws of 1937 which imposes upon wholesalers an additional license tax of $1.50 for each $1000.00 of their stock of merchandise kept by them for sale.

The main contention of appellants is that the provision of the statute above referred to is unconstitutional in that it violates Section 1 of Article IX of the Constitution by imposing an additional ad valorem tax upon personal property. This contention is based upon the theory that the tax thus imposed by the statute is not in reality a license or excise tax, but is an ad valorem property tax. The respondent tax collector denied the correctness of this contention and the lower court agreed with him, and dismissed the bill. Our view is that in so ruling the lower court was correct.

Section 5 of said Chapter 18011 reads as follows:

"Section 5. Every person engaged in the business of trading, buying, bartering, serving or selling tangible personal property as owner, agent, broker, or otherwise, shall pay a license tax of $25.00, (which shall entitle him to main-

tain one place of business, stationary or movable) and shall pay $25.00 for each additional place of business, provided· that the said twenty-five dollar license tax shall not be required for any place of business licensed under the provisions of Chapter 16848, Laws of Florida, Acts of 1935. Wholesalers and others do not pay a license tax calculated wholly or in part on gross receipts from their sales and who keep a stock of merchandise for sale shall pay an additional tax of $1.50 for each thousand dollars of their stock of merchandise, (other than petroleum products). Vehicles used by any person for the sale and delivery of tangible personal property at wholesale from his established place of business on which a license is paid, shall not be construed to be separate places of business and no license may be levied on such vehicles or the operator thereof as salesmen or otherwise, by the State or any County or Municipality, any other law to the contrary notwithstanding."

"No license shall be required under this Section, where the trading, buying, bartering, serving or selling of tangible personal property is a necessary incident of some other business classification for which an occupational license is required by this Act or other law of this State, and is carried on at the place of business licensed under such other classification, (nor shall this section apply to any person engaged exclusively in the sale at retail of gasoline and other petroleum products.)"

Section 29 of the same Act provides that whenever the amount of a license tax is based wholly or in part on the value of the stock of merchandise maintained, the value to be used in calculating the amount of license tax shall be the maximum value of merchandise maintained at any time during the preceding year, or reasonably expected to be maintained during the period for which the license is to be issued, which ever value shall be the greater. This provi-

sion indicates that the tax is not upon specific property, but that the value of the stock of merchandise is merely the basis for computing the amount of the license tax.

And it will have been noted that Section 5 indicates this by imposing the tax on wholesalers "who keep a stock of merchandise for sale." The tax thus is an excise tax upon the *use for which* the merchandise is kept rather than a tax *upon* the merchandise itself.

This is further indicated by Section 32 of the Act which provides that whenever any person is subject to the payment of the license tax provided by the Act and fails to pay the same, the proper officer may issue a warrant for the levy and sale of *any* real or personal property owned by the person liable for the tax within his jurisdiction, for the amount of the tax and the cost of executing the warrant, and that the officer issuing the warrant may file a copy of the warrant with the Clerk of the Circuit Court of the County, whereupon the amount of the warrant shall become a lien upon the title and interest, legal or equitable in *any* property, real, personal or mixed, of the person against whom the warrant is issued.

The theory upon which this provision of Section 5, here attacked, is based is not entirely new in this State. In 1915 the legislature provided, by Chapter 6923, that merchants, druggists and store-keepers should pay a license tax, for the first thousand dollars of stock of merchandise or fraction thereof, $3.00 in each county and for each place of business, and $1.50 per thousand for each additional thousand or fraction thereof, but that dealers at wholesale only should pay $1.50 for each one thousand dollars of their stock of merchandise. This statute was carried forward as Section 1197 of Comp. Gen. Laws of 1927. Its constitutionality does not appear to have been attacked.

Also the chain store Act of 1931, Chapter 15624, had a

similar provision, following the graduated license tax, from $5.00 per store to $50.00 per store according to the number of stores in each chain, which read as follows: "In addition to the above amounts, three dollars for each and every One Thousand Dollars of value of stock carried in each store for sale in such store." Although the validity of the graduated tax provision of this act was very vigorously attacked, no attack appears to have been made in this Court on the particular provision above quoted. See Liggett Company, *et al.* v. Amos, 104 Fla. 609, 141 So. 153. There was a reference to this feature of the act, however, on appeal to the United States Supreme Court. The seventh headnote to the case of Liggett Company v. Lee, 288 U. S. 517, 53 S. C. 481, 77 L. ed. 929, reads as follows: "A statute imposing for the privilege of operating a retail store a tax upon each thousand dollars of value of the stock of goods carried in each store or for sale therein, at a higher rate than is imposed in respect to stocks of goods carried by wholesale merchants, does not violate the equal protection clause of the Fourteenth Amendment."

It has long been held in this State that the levy of an ad valorem tax upon property and also a license or occupation tax upon the use of the same property is not double taxation; that a license fee is not a tax within the meaning of Section 1 of Article IX of the Constitution requiring uniformity of rates and just valuations of property for purposes of taxation. Jackson v. Neff, 64 Fla. 326, 60 So. 350; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81; State, *ex rel.* Goodwin, v. Milburn, 118 Fla. 211, 158 So. 884.

It must be borne in mind that Section 5 of Chapter 18011 does not levy a tax upon the stock of merchandise maintained, but levies a tax *for* each thousand dollars of stock of merchandise kept for sale. That the tax so imposed is a license or excise tax, as it is denominated in the act, is we

think clearly shown by a consideration of our own decisions, making it unnecessary for us to rely upon the decisions in other jurisdictions.

See Jerome H. Sheip Co., *et al.,* v. Amos, 100 Fla. 863, 130 So. 699; City of DeLand v. Fla. Public Service Co., 119 Fla. 804, 161 So. 735, and C. V. Floyd Fruit Co., *et al.,* v. Florida Citrus Commission, *et al.,* 128 Fla. 565, 175 So. 248. In the case first cited, the Sheip case, it was held that a tax imposed upon the storage of certain petroleum products in this State was not a direct property tax, but was an excise tax upon the privilege of storing gasoline, and hence a tax expressly sanctioned by Section 5 of Art. IX of the Constitution. In the opinion in that case, the case of Dawson v. Kentucky Distilleries, 255 U. S. 288, 65 L. ed. 638, and several other cases cited by counsel for appellants in this case, were discussed and distinguished from the case there under consideration.

In the Floyd Fruit Company case, this court held that a tax imposed by statute on each standard packed box of citrus fruit grown in this State regardless of the value, constituted an excise tax, as being a tax levied on the privilege of turning said citrus fruits into the channels of trade. In the opinion in that case, Mr. Justice BUFORD discusses the cases of Thompson v. McCloud, 112 Miss. 383, 73 So. 193 and Foster & Creighton Co. v. Graham, 154 Tenn. 412, 285 S. W. 570, 47 A. L. R. 971, which are cited and relied on by appellants here. The Foster & Creighton Company case is more in point here and the opinion therein strongly supports our conclusion. The facts in Thompson v. McCloud are essentially different from those here involved. Quotations from the Florida decisions above cited, which are of course easily accessible to the bench and bar of the State, are unnecessary and would needlessly prolong this opinion. Suffice it to say that after a careful consideration of these cases,

as well as the very able briefs filed by counsel for the respective parties in this case, we are satisfied that the provision of Section 5 of Chapter 18011 here in question is a valid exercise of the power of the legislature to impose an excise tax, and that the value of the stock of goods referred to in the statute is merely used as a basis for computation of the amount of the license imposed.

In Cooley on Taxation, Vol. 4, 4th ed., Section 1706, it is said that a license tax on merchants, either retail or wholesale, may be graded by the amount of sales, or by the amount of purchases, or by the actual valuation of the stock as capital employed; and that merchants who transact business, both as wholesale and retail dealers, are liable to a license tax in each capacity.

This brings us to a consideration of the second question involved, which as stated by appellant is: "Does the provision of Section 5, Chapter 18011, which imposes $1.50 additional tax upon each thousand dollars of value of stock of goods upon certain wholesalers and dealers in merchandise, constitute an unlawful and unconstitutional classification by reason of the fact that the same section exempts other like merchants from the payment of the tax?"

What are the exemptions made by Section 5? First, it exempts from the flat license tax of $25.00 on all persons engaged in the business of trading, buying or selling tangible personal property, those places of business licensed under the provisions of Chapter 16848, Acts of 1935. In other words, it exempts from said license tax all places of business licensed under the provisions of the Chain Store Act. This latter act imposes a tax for the privilege of engaging in the business of a retailer as defined in the Act, so much per store in proportion to the number of stores, and also a tax upon gross receipts from all sales in such retail store or stores. In other words, that act applies to retailers and not to whole-

salers; hence the provision in Section 5 of Chapter 18011 reads: "Provided that the said $25.00 license tax shall not be required for any place of business licensed under the provisions of Chapter 16848, Laws of Florida, Acts of 1935."

Then follows the provision reading as follows: "Wholesalers and others who do not pay a license tax calculated wholly or in part on gross receipts from their sales and who keep a stock of merchandise for sale shall pay an additional tax of $1.50 for each thousand dollars of their stock of merchandise (other than petroleum products)." Appellants contend that this provision of the statute constitutes a gross discrimination in favor of those wholesalers who have a small retail store or department, representing perhaps only one percent of their total business, but do pay a gross receipt tax on the sales made in such retail store or department, thereby exempting themselves from the payment of the tax of $1.50 per thousand dollars of stock of merchandise kept by them for sale at wholesale.

Manifestly, if the statute meant what appellants contend it means in this respect, it would constitute a gross discrimination in favor of the wholesaler who also conducted a small retail store as against the wholesaler who confines himself to the wholesale business. But such was not the intention or meaning of the Act, nor was it the purpose of this court to so hold in the case of State, *ex rel.* Murray, v. Wood, recently decided but not yet reported. That case dealt with a retail dealer and not with a wholesaler. Appellants base their attack on Section 5 in this regard, not upon the opinion as actually written, as we understand it, but on the interpretation of the law which appellants think this court made in said opinion.

The business of selling at retail and the business of selling at wholesale are radically different in character, and the

legislature has the power, which it has exercised, to classify them separately, by imposing on the retail store a license under Chapter 16848, and imposing on the wholesaler a license under Section 5 of Chapter 18011. The license on retailers under Chapter 16848 includes a flat tax on each store, progressive in amount according to the number of stores in a chain, and provides in addition thereto for the payment of a tax calculated on the gross receipts from sales. If a person or corporation engages in operating both a wholesale establishment and also a retail store, he or it must pay the tax on his wholesale business imposed by Section 5 of Chapter 18011 and also the tax imposed on his retail business by Chapter 16848, and must obtain separate licenses based on the provisions of these separate acts for each of said different businesses. It may have been the purpose of said section 5 to require the payment of an additional license calculated on the value of the stock of merchandise kept for sale by retailers as well as wholesalers when a gross receipt tax is not required to be paid on the sales of the particular business involved, though we are not here required to decide that question. Leaving this latter point aside, the statute as above interpreted, is not discriminatory and hence not unconstitutional. The legislature certainly has the right to apply different licenses or privilege taxes upon two such radically different businesses as the wholesale business and the retail business. Furthermore, the rule is well settled that where two or more interpretations can reasonably be given to a statute, the one that will sustain its validity should be given and not one that will render it unconstitutional, or defeat its purpose.

In the application of an excise tax, some subjects of taxation may be made to bear the burden while others may be relieved from it, and one line of business may be selected while another may be omitted. This does not render the

excise unconstitutional. Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320.

To sustain a license tax statute against the charge of unconstitutional discrimination, the difference between the subjects taxed need not be great; and if any reasonable distinction can be found to exist, the duty of the court is to sustain the classification imposed by the law. Liggett Co., *et al.,* v. Lee, Comptroller, *supra.*

No point is made of the exemption from the operation of Section 5 of persons engaged in selling petroleum products. As is well known this class of business is very rigorously taken care of, so far as excise taxes are concerned, by another and different statute. Nor is any complaint made as to the exemption made in the last paragraph of Section 5, which provides that no license shall be required under that section where sales of personal property are made as the necessary incident of some other business classifications for which an occupational license is required by this statute or any other law of this State, and where such sales are made at the place of business licensed under such other classification. But if such contention were made, it would not be applicable here, because manifestly the running of a retail store is not a necessary incident to the conduct of a wholesale mercantile business.

The third and last question involved, as stated by appellant, is that the title to Chapter 18011 is not sufficient to cover the provision for an additional tax calculated upon inventory value of merchandise maintained. This contention is based upon the theory, hereinabove held to be untenable, that the tax referred to is an ad valorem property tax, which class of taxes is clearly not within the title to Chapter 18011, which is an act relating to license taxes and not property taxes. In this connection see the opinion of this court on rehearing in the case of American Bakeries Co., *et al.,* v. City of Haines

City, 131 Fla. 790, 180 So. 524. The title is therefore sufficient to embrace those portions of Chapter 18011 here under attack, which, as above held, relate to license taxes.

For the reasons above pointed out, the order and decree of the court below is affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur in the opinion and judgment.