STURGIS, Judge.
This is an appeal by a taxing authority (Panama City, Florida, a municipal corporation, defendant below) from a final decree which, upon the complaint of a taxpayer (Hi-Octane Terminal Company, plaintiff below), and proofs submitted before the chancellor, held illegal and void, as against the plaintiff, a license tax paid by it under protest.
The tax was levied pursuant to an ordinance imposing license taxes upon sundry persons, firms and corporations exercising, within the city limits, the privilege of engaging in specified businesses, professions and occupations. Under one provision of the ordinance an annual license tax of $1,000.00 was levied on “Terminals, for storing and shipping gasoline and petroleum products.” The tax was assaulted on *199 the ground, as it affects the plaintiff, that it is arbitrary, confiscatory, oppressive, unequal, discriminatory, and not based upon any reasonable classification.
On final hearing, the chancellor observed that the evidence showed that the facility operated by the plaintiff was used for wholesaling gasoline, and that under another provision of the ordinance a license tax of $500 per year was levied upon gasoline wholesalers. Reasoning therefrom, he also observed that the challenged tax was discriminatory and an unreasonable classification, as applied to the plaintiff, and therefore illegal and void to that extent. Those observations were, in substance, projected into the findings contained in the final decree, and serve as the basis for the decree holding the tax unenforceable as to the plaintiff-appellee. The sole point for determination here is whether that decree is supported by the proofs and applicable law.
The uncontested evidence reflects that appellee has equipment for and operates a business in Panama City. The plant consists of storage facilities for approximately 1 '¥2 million gallons of gasoline. It has trucks and other equipment incident to the storage, handling and shipment of gasoline. Its business consists of the purchase and storage of this product and the sale and shipment of it in bulk from the terminal at Panama City to points in Florida, Georgia and Alabama. Such bulk sales and shipments appear to be limited primarily to wholesale dealers who, in turn, resell to retailers. Appellee’s principal outlet is a family-owned partnership operating in Panama City, known as “MO-JO Oil Company.” The partners are also the stockholders of the plaintiff corporation.
The president of the corporation testified that it engages in a combined terminal and wholesale business; that the mentioned partnership was a going business prior to the commencement of business by the corporation; that one of the main reasons for incorporating the plaintiff and its engaging in the subject business was to insure the partnership of an adequate source of supply for its gasoline requirements; that the partnership can and does, however, buy gasoline on the open market from others at the same price it pays to the plaintiff taxpayer. The testimony as a whole reflects that the partnership is the vehicle through which the stockholders of the corporate taxpayer independently operate a wholesale gasoline business, and that the protesting corporate taxpayer is primarily engaged in the business of operating a terminal for the storage of gasoline products in great bulk pending sale and shipment to wholesalers, including that partnership.
We take judicial notice of the substantial difference existing between the type of business generally conducted by operators of terminal facilities for storage of gasoline and petroleum products in great bulk pending resale and that conducted generally by wholesale dealers in gasoline and petroleum products. The difference lies not only in the type of equipment required but in the essential divergent natures of these separate types of business operations. It would belabor the point and produce no efficient standard to attempt a recitation of the many distinctions. Each case must rest on the peculiar facts surrounding it. Suffice it to say that under the proofs above mentioned the distinctions in the case on appeal are clear.
In a very narrow sense it is true, of course, that the sale of gasoline by the operator of a terminal facility to wholesale dealers in gasoline is a business which, in itself, bears aspects of a wholesale operation, but one who attempts to pursue the distinction between such businesses is likely to become lost in semantics. Suffice it to say that the business of operating a “terminal, for the storing and shipping of gasoline and petroleum products,” is not extinguished by reason of the fact that some other related business, such as that of wholesaling the products stored at and shipped from the terminal, is conducted by the *200 licensee as an incident to the over-all business of operating a terminal.
Appellee insists that the challenged tax is discriminatory and not based on a reasonable classification because under a separate and unchallenged paragraph of the ordinance a less costly license tax is imposed for the privilege of operating a “terminal” for the storage of liquid petroleum gas, both of which commodities are “petroleum products”. These variances in the taxes imposed do not ipso facto render the ordinance invalid as a whole, nor did the chancellor so conclude. However, upon the proofs submitted as to the nature of appellee’s business operation, we are convinced that the trial court erred in holding that the tax sought to be imposed on appel-lee under the challenged paragraph of the ordinance is discriminatory and not based on a reasonable classification.
 The challenged paragraph, as well as each of the other within-mentioned separate paragraphs of the ordinance imposing license taxes, uses a specific noun to identify a commodity the storage of which at “terminal” facilities utilized for the purpose activates the duty to pay the tax. Those nouns, which are not duplicated in either of the mentioned separate and sev-erable paragraphs of the ordinance, are: “asphalt”; “liquid petroleum gas”; “gasoline”. The distinctive character and uses of these commodities is a matter of common knowledge. The fact that the appellee, when licensed under the provisions of the challenged paragraph of the ordinance, is entitled to store at the terminal and ship therefrom “petroleum products” other than gasoline, is beneficial rather than discriminatory, insofar as its rights are concerned.
There is an obvious distinction between the terminal business — that of storing and shipping gasoline and petroleum products, as conducted by the appellee — and that of wholesalers of the product so handled by the terminal. A license tax imposed on one would not seem to preclude a license tax on the other. Many types of business may be and often are conducted from the same premises by the same owner, resulting in the lawful imposition of more than one license tax. This observation is not to be construed as indicating that the appellee conducts both a terminal and wholesale business, the latter not being an issue on the appeal.
Appellant cogently argues that the lower court erred in seizing upon a part of the ordinance not in evidence — that part which places a license tax upon wholesalers of petroleum products — and, in the face of the evidence given by the president of the ap-pellee corporation, decreeing that the classification under the tax is unreasonable as applies to the plaintiff. However, our disposition of the appeal makes it unnecessary to pursue that point.
In State ex rel. Bonsteel v. Allen, 83 Fla. 214, 91 So. 104, 105, 26 A.L.R. 735, it is held:
“While it is within the power of the courts to declare Laws levying license taxes void because of the unreasonable and arbitrary exercise of the state’s power either in the classification or in fixing the amount of the license, such power will not be exercised unless the amount of the license tax is so great, or the classification so palpably arbitrary as to be beyond the necessities for the legislation, or equivalent to an impairment of the constitutional rights of property, or tend to prevent a great number, if not all persons, from pursuing otherwise lawful occupations which do not impair public safety, public health, or destroy property.”
The rule to be followed when license tax laws are assailed upon the ground of unconstitutional discrimination is stated as follows in Florida Sugar Distributors, Inc. v. Wood, 135 Fla. 126, 184 So. 641, 645:
“To sustain a license tax statute against the charge of unconstitutional discrimination, the difference between *201 the subjects taxed need not be great; and if any reasonable distinction can be found to exist, the duty of the court is to sustain the classification imposed by the law.”
In Peninsular Casualty Co. v. State, 68 Fla. 411, 67 So. 165, 168, the Supreme Court said:
* * * unless there can be no substantial basis for discriminations made in classifications and in fixing the amount of license taxes, so that such discriminations must be regarded as purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere with legislative regulations of such matters.”
The final decree is vacated with directions to enter a decree finally dismissing the complaint.
WIGGINTON, C. J., and CARROLL, DONALD IC, J., concur.