BERANEK, Judge.
This is an appeal by defendant, Broward County, from a final judgment rendered in the Circuit Court of Broward County finding a certain county tax to be unconstitutional. The invalidated tax was an occupational license tax levied against professional associations. Plaintiff, a dentist, operating as a professional association (P.A.) pursuant to Florida Statutes, Chapter 621, filed a class action seeking declaratory relief. Plaintiff asserted that the County’s tax discriminated against professional associations because there was no similar tax on dental partnerships or on dental unincorporated associations. It is clear that the County taxes each individual dentist the same license tax, but this case does not present a question as to the validity of the tax on the individuals.[1] The trial court found the tax against P.A.’s unconstitutional because there was no similar tax levied against similar partnerships, unincorporated associations or other forms of doing business. This finding was in accordance with the position of the plaintiff at the time of trial. Appellee’s position may be summarized by the following quotations taken from appel-lee’s brief.
Simply stated, BROWARD COUNTY has unfairly and unreasonably discriminated against professional associations, without any rational basis, ....

The Appellee, in the instant action, does not dispute the classifications established by the county for the imposition of the license tax. The Appellee, does dispute, however, the arbitrary, capricious and otherwise, discriminatory treatment within the classification by the imposition of the license tax upon, professional associations but not upon other forms of conducting the same profession.

The Appellee would emphasize that they do not dispute that the taxing entity, in the imposition of an excise tax, may reasonably distinguish between businesses or trades or between different methods of conducting the same general character of a business or trade.... In the case at bar, the imposition of the occupational license tax upon professional associations practicing dentistry, but not upon partnerships or other entities is unreasonable, discriminatory and renders the tax void with respect to professional associations.
We conclude that the trial court erred in holding the tax on P.A.’s unconstitutional based on the argument that there is no similar tax on partnerships or unincorporated associations. From a constitutional point of view, only arbitrary, unreasonable and unequal classifications in license taxation render a taxing ordinance invalid. Howland v. State ex rel. Zirklebach, 56 Fla. 422, 47 So. 963 (1909). Furthermore, the mere fact that a business may be taxed under two or more classifications does not invalidate a tax on the grounds of double taxation. Smith v. City of Miami, 160 Fla. 306, 34 So.2d 544 (1948), and Ingraham v. City of Miami, 388 So.2d 305 (Fla.3d DCA 1980). In Florida Sugar Distributors, Inc. v. Wood, 135 Fla. 126, 184 So. 641, 645 (1938), the Florida Supreme Court stated as follows:
To sustain a license tax statute against the charge- of unconstitutional discrimination, the difference between the subjects taxed need not be great; and if any reasonable distinction can be found to *1177 exist, the duty of the court is to sustain the classification imposed by the law.
In Peninsular Casualty Company v. State, 68 Fla. 411, 67 So. 165 (1914), the court upheld classifications in the fixing of the amount of license taxes where the discrimination involved was not found to be purely arbitrary and unreasonable “under every conceivable condition in practical affairs.”
The basic question is whether a professional corporation organized under Chapter 621 may be taxed as an entity when no similar tax is imposed upon a partnership or an unincorporated association. We have no difficulty in concluding that a professional association actually engaged in business and organized pursuant to Chapter 621 is a sufficient legal entity which is subject to taxation. Indeed, appellee does not contend professional associations are not taxable. The question is thus whether there is “any reasonable distinction” between a P.A. on the one hand and a dental partnership or unincorporated association on the other. In construing Chapter 621, the Fifth Circuit Court of Appeal has specifically held that a professional association practicing medicine and incorporated under the Florida Professional Service Corporation Act was a corporation and not a partnership for purposes of federal taxation. Kurzner v. United States, 413 F.2d 97 (5th Cir. 1969). Clearly, the federal view supports a distinction between the two.
We also conclude a professional association is a distinguishable taxable business entity by reference to the statute under which it is created. The trial judge herein concluded that a professional association was not a “true corporation.” Although this finding is not relied upon for the ruling of unconstitutionality, we conclude it was error to so rule. A Florida P.A. existing under Chapter 621 has legal existence and all provisions of Chapter 607, the General Corporation Act are applicable to it unless in conflict with Chapter 621.
The Florida Income Tax Code embodied in Chapter 220, Florida Statutes, is applicable by analogy. The announced intent of this chapter is to tax all corporations and other entities for the privilege of conducting business, deriving income or existing within the State. Partnerships are specifically not taxed and Chapter 621 professional service corporations are specifically included as corporations subject to tax. See Section 220.02(1), Florida Statutes (1979). Further, Section 220.03(l)(b), Florida Statutes (1979), provides that the term “corporation” shall not include proprietorships, partnerships of any type or certain other designated entities. Under the Corporate Income Tax Code, a professional association is a taxable corporation and a partnership or proprietorship is not such an entity.
The basic legal distinctions between a partnership and a corporation are substantial and meaningful. A partnership is a relationship between persons based upon a contract between them. Dubos v. Hoover, 25 Fla. 720, 6 So. 788 (1889). Partnerships are today governed by the Uniform Partnership Act contained in Chapter 620 of the Florida Statutes. Although the Uniform Partnership Act has been adopted in this State, it is not at all clear whether a partnership should be recognized as a legal entity thereunder. Florida apparently adheres to the common law principle that a partnership is not a legal entity apart from the partners actually composing it. I. Epstein & Brothers v. First National Bank, 92 Fla. 796, 110 So. 354 (1926). Because this case does not require it we do not answer the precise legal question of whether a partnership constitutes a distinct legal entity, however, we conclude that there are clear legal distinctions between a professional service corporation and a partnership and that such distinctions are sufficient to meet the test set out in Florida Sugar Distributors, Inc. v. Wood, supra.
Even though restricted by its nature to the professional services which it must render, the P.A. like all other corporations, is the creature of statute and is an entity distinct from its individual stockholders. Partners are personally and individually liable for the acts of other partners acting on behalf of the firm. This concept of personal liability is inapplicable to the P.A. Un *1178 der the rationale of the appellee herein, a tax on any normal Chapter 607 corporation would be improper if partnerships are not also so taxed. We reject this argument.
The contentions regarding unincorporated associations do not present a substantial question. The absence of a tax on such associations does not invalidate the tax on P.A.’s.
The finding of unconstitutionality by the trial court is thus reversed. In view of this conclusion we find it unnecessary to explore the further points on appeal asserted by appellant or to consider the cross-appeal which relates to the alleged improper refusal to certify other professionals as being within the class in question. The judgment below is reversed.
REVERSED.
DOWNEY, J., and RUTTER, R. WILLIAM, Jr., Associate Judge, concur.

. It is conceded that each individual dentist is taxed and that each dental P.A. is also separately taxed. Appellant does not urge this form of taxation to be invalid.