JOHN SCOTT, as Sheriff of Bay County, v. W. P. WORTH-INGTON.

187 So. 369.
Opinion Filed March 17, 1939.

*George Couper Gibbs,* Attorney General and *John L. Graham,* Assistant Attorney General, for Appellant;

*Thomas Sale,* for Appellee.

TERRELL, C. J.—In July, 1937, the Appellee W. P. Worthington secured licenses for your fishing boats as required by Chapter 17917, Acts of 1937. These licenses were not renewed so in September, 1938, the Supervisor of Conservation issued a warrant pursuant to Section 32, Chapter 18011, Acts of 1937, directed to the Sheriff of Bay County commanding him to levy on and sell any real or personal property of Worthington sufficient to pay the amount of license taxes due on said boats for the year 1938.

Worthington filed his bill of complaint in the Circuit Court seeking to enjoin the Sheriff from executing the warrant. A temporary restraining order was granted and this appeal was prosecuted. The record has been lodged in this court and application made for supersedeas. We are importuned to adjudicate the controversy in this application.

The question presented is whether or not a license for a fishing boat issued pursuant to Chapter 17917, Acts of 1937, runs for the life of the boat or must it be renewed annually

We think it must be renewed annually. Chapter 17917 merely imposes the license with specification as to its life but Section Seven of the Act in terms requires that it be construed as supplementary to all general and special laws on the same subject and both Section Three of Chapter 18011, Acts of 1937, relating to occupation licenses and Section Fifteen of Chapter 6877, Acts of 1915 (Section 1838, Compiled General Laws of 1927) relating to the same subject matter, limit such licenses to one year. Chapter 17917 must be read in connection with these acts and when done, it follows that such licenses must be renewed annually.

It follows that the decree of the Chancellor must be and is hereby reversed.

Reversed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in the opinion and judgment.

Justices BROWN and CHAPMAN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.