JOHN SCOTT, as Sheriff of Bay County, Appellant, v. W. P. WORTHINGTON, Appellee.

199 So. 766
Division B
Opinion filed January 14, 1941

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Appellant;

*Thomas Sale,* for Appellee.

CHAPMAN, J.—The sole question presented by this appeal is whether or not the plaintiff below, H. P. Worthington, a disabled World War veteran, is exempt from the payment of a license tax required under the provisions of Chapter 17917, Acts of 1937, Laws of Florida. The record discloses that the plaintiff below owned and operated four boats, viz.: The Alberta, 36½ feet long; Ruby Lee, 35¾

feet long; Monarch, 36 5/6 feet long, and the Silver King, 39 feet long. The State Conservation Department demanded payment of license tax on the above named boats for the years 1937-1938 and 1938-1939. The boats were used by the plaintiff below in transporting fishing parties engaged in what is commonly known as sport fishing.

This Court, in the case of Scott, Sheriff, v. Worthington, 136 Fla. 708, 187 So. 369, held that a license issued for sport fishing boats pursuant to Chapter 17917, Acts of 1937, was limited to a period of one year and was required to be annually renewed and that the license did not run or exist during the entire life of the boat so licensed.

In the case of Coleman, Sheriff, v. State *ex rel.* Cass, 144 Fla. 488, 198 So. 695, the record discloses that Cass was taken into custody under a warrant charging that he unlawfully used a motor boat, to-wit: 10T499 named Swanee, Jr., for the purpose of fishing without a license contrary to Chapter 17917, Acts of 1937. It was here contended that the warrant failed to charge a criminal offense and that Cass should be discharged on habeas corpus. It was admitted that the boat Swanee, Jr., was used exclusively for pleasure in sport fishing. We held that the warrant stated a criminal offense and remanded the petitioner to the lower court for trial on the warrant, and in part said:

"The tax imposed is on the use of the boat when in use in noncommercial sport fishing in the salt waters of Florida. The Legislature has the power under the Constitution to impose excise or license taxes within its discretion. Sheif Co. v. Amos, 100 Fla. 863, 130 So. 699; Amos v. Fla. 345, 116 So. 81."

The amount of the license fee charged under Section 1 of the Act is $1.05 for boats under sixteen feet in length and under four feet beam; boats *over* sixteen feet in length

and over four feet beam is the sum of twenty cents for each additional foot or fraction thereof of length or beam. The tax imposed is against the use of the boat when in use in noncommercial fishing in the salt waters of Florida.

The plaintiff below asserted exemption from this license tax on the use of the four boats owned by him and engaged in sport fishing or noncommercial fishing in the salt waters of Florida. Chapter 17476, Acts of 1935, exempts the plaintiff below from the payment of a "license to engage in any business or occupation in the State of Florida which may be carried on mainly through the personal efforts of the licensee as a means of livelihood".

We do not think the Legislature in the enactment of Chapter 17917, Acts of 1937, intended to exempt the plaintiff below as a disabled World War veteran from the payment of a license tax on the use of boats owned or engaged by him in noncommercial fishing in the salt waters of Florida. There is nothing in this or subsequent Acts to indicate that the Legislature intended to exempt the plaintiff below from the payment of the tax provided for in Chapter 17917, Acts of 1937.

The decree appealed from is hereby reversed with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD, THOMAS and ADAMS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.