PER CURIAM.
The appellants are several owners of trailer parks in Florida City, Florida. They brought a suit in the circuit court seeking a decree that an ordinance of the City, which levied an annual license fee of $10 for each trailer space, was unconstitutional. The trial judge found that the appellants, as plaintiffs, had failed to substantiate their contentions and held the ordinance constitutional.[1] This appeal is from that decree. We affirm upon a holding that the trial judge correctly found that the appellants, as complainants, did not meet the burden of showing that they had been denied equal protection of the law. Cf., Peninsular Casualty Co. v. State, 68 Fla. 411, 67 So. 165 (1914).
The facts in the record upon which the appellants urge that they have proved an unequal application of law are: 1. The ordinance contains no provision for inspection, regulation or other municipal service; *13 [2] 2. The General provision for licenses of this type of business, which was enforced prior to the enactment of the ordinance attacked, provided an annual license fee for rooming houses, motels, apartment houses and hotels at $1.00 per room; 3. The ordinance was passed simply as a revenue producing measure. The ordinance is explained by the City as an attempt to equalize the burden of general city operation because the City conceives that the trailer park real property is not bearing its proportionate share of ad valorem taxation.
It is accepted that a municipal corporation may classify persons, activities, and things, and treat them separately for licensing purposes. The regulations and the fees or charges must in general apply equally to all within the same class, where circumstances and conditions are similar, and unreasonable discrimination will invalidate the requirement of the exaction. Compare Freeman v. Tittsworth, 126 Fla. 483, 171 So. 307 (1936), with Hamilton v. Collins, 114 Fla. 276, 154 So. 201 (1934).
The main contention of the complainants is that-ther city ordinance is discriminatory since trailer parks were classified differently than commercial living accommodations. The problem centers upon reasonable classification. The general rule is that classifications embodied in municipal licensing legislation must be based upon intrinsic, natural, and reasonable distinctions germane to the police or revenue purpose of the law. The classification may reasonably distinguish between businesses or trades, or between different methods of conducting the same general character. of a business in trade. See Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641 (1938); Panama City v. Hi-Octane Terminal Company, Fla.App.1960, 121 So.2d 197.
A license tax assessed is presumed reasonable in amount, and the burden rests upon the challenger to overthrow that presumption. Peninsular Casualty Co. v. State, 68 Fla. 411, 67 So. 165 (1914). In Florida, to sustain a license tax ordinance against the charge of unconstitutional discrimination, the difference between the subjects taxed need not be great; and if any reasonable distinction can be found to exist, the duty of the court is to sustain the classification imposed by law. Florida Sugar Distributors v. Wood, supra; Panama City v. Hi-Octane Terminal Company, supra.
The record in this case does not support the complainant’s contentions. The evidence does not show that the fee is confiscatory, arbitrary, or discriminatory. Since the burden of proof was not sustained, the decree must be affirmed.
While this appeal was from the final decree the point presented did not question provisions of the final decree as to water rates.
Affirmed.

. “ * * * After careful consideration of the testimony of the various witnesses and exhibits produced on behalf of the parties, pleadings, and the oral argument and briefs of counsel for the respective parties; the Court finds, Plaintiffs have failed to substantiate their contentions and sustain the burden of proof imposed upon them by law and the equities of this cause are with the Defendant City.
“The Plaintiffs, and each of them, own and operate trailer parks within the City of Florida City, available on a rental basis to the public generally. With respect to the first cause of action the Plaintiffs complain that Ordinance 216 enacted April 25, 1956, by the Defendant City, providing for an annual license fee of ten dollars ($10.00) for each trailer space available in any trailer park within the Defendant City, is discriminatory and unconstitutional.”
*****
“1. The Complaint filed herein be and the same is hereby dismissed with prejudice.
“2. The Injunction, heretofore entered by this Court on July 19, 1965, be and it is dissolved and set aside.
“3. The Clerk of the Defendant, City of Florida City, Florida, be and he is hereby directed to take such administrative action as is necessary to determine the sums due the Defendant City for license fees and City supplied water and to forthwith notify the Plaintiffs of the sums ascertained by said City Official to be due the City. That the Clerk of the Defendant City be and he is further ordered to notify Plaintiffs in writing of such sums as are ascertained to be due the Defendant City under the provisions of this Final Decree.”

. “Section 1. That all trailer parks within the Town of Florida City shall provide a minimum of 1250 square feet of ground area for each trailer parked therein.
“Section 2. There shall be an annual license fee of $10.00 for each trailer space available in any trailer park within the Town of Florida City.”
Section 2 and 4 omitted at enactment.
“Section 5. Any person, firm or corporation who shall allow, permit or violate any of the provisions of this ordinance upon conviction thereof shall be fined not more than $500.00 or imprisoned in the Town jail for a period of not more than sixty (60) days, or suffer both such fine and imprisonment.”